Mathews, J.
delivered the opinion of the court. This is a petitory action, brought to recover a certain tract of land described in the plaintiff’s petition, and in support of his claim he offers in evidence a title in due form, derived from one Lambert Bellardin, dated in February, 1805. To this title the defendant opposes one derived from the same vendor, made in May, 1810. The petition also contains a prayer for the annual rents and profits of said land. Judgment was rendered in the court below, in favour of the plaintiff both for the recovery of the property, and damages for the use and occupation by the defendant, as being a possessor in bad faith; from which the latter appealed.
Several bills of exceptions were taken by the appellant, to opinions of the district court, given in the course of the trial. These exceptions have not been much insisted on in argument before this court; and, as we believe from the pleadings, as they appear on the record, that the opinions excepted to were correct, they may be dismissed without *668 farther comment. The title alleged and proven on the part of the plaintiff is clearly the best, being evidence of a sale to him anterior to that made to the defendant, and was accompanied by tradition of the thing sold.
But an attempt is made to show title in the appellant, by a prescription of ten years; which was not pleaded in the court below. The plea, of prescription is offered to this court, as being authorized by law, it is true, there are expressions in our laws which permit prescription to be pleaded in a cause, even on an appeal. Those rules were made for courts of appeal which try a suit de novo; and might, well receive new pleas, because they could have new evidence on them. By the constitution this is a court of appeal only. The legislature, in organizing it, have established rules, the whole tenor of which shows their intention to be, that its powers should be exercised almost exclusively in the correction of errors committed by the inferior tribunals of the state, and such alone as appear of record, transmitted to the supreme court as prescribed by law.
When the whole cause is legally sent up, the evils of which the parties complain can be *669 remedied ; by affirming judgments with damages; by reversing them and giving such judgment, as ought to have been given in the lower courts, or by remanding cause’s for new trials when justice requires dial, mode of proceeding. We are clearly of opinion, that neither the constitution of the state, nor the acts of the legislature under it. organizing the court of appeals, and establishing rules of procedure therein—will authorize us to admit new pleas, or new evidence in any suit : and consequently the law, which heretofore permitted such pleas and evidence on an appeal, is virtually repealed and abrogated by the state constitution and subsequent acts of the legislature ; their provisions being clearly contrary and repugnant to the former law.— The plea of prescription, here offered, must therefore be rejected. Even had it been regularly pleaded in the court below, we doubt much, any good effect from it to the defendant's side of the cause.
The plaintiff having shown the best title to the land in dispute, is clearly entitled to recover it: and so far as the judgment of the district court goes to establish his right of property, it is, in our opinion, correct. But we *670 cannot agree with that court, to adjudge damages against the defendant as a knavish posessor. The definition in the Code of this kind of possessor, is clear and explicit, viz. he who possesses as master, knowing that he has no title, or that his title is vicious and defective. Now, so far from the evidence, in the present case, establishing the existence of any such knowlege in the appellant, it shows quite the contrary; 1st. the prior purchaser gave up the property to the original owner, who remained in possession of it for nearly three years, before he sold and conveyed to the defendant, to whom he delivered it; 2d. this latter has remained in undisturbed possession under a title, translative of property, for nearly ten years : from which, the inevitable conclusion is drawn, that he was an honest possessor, up to the judicial demand, and consequently no damages ought to be adjudged against him beyond that period. In this view of the case it is seen, that we do not admit the oral evidence to influence the written documents of title, as they relate to the right of property, but confine them entirely to that of possession.
It is therefore ordered, adjudged and de *671 creed, that the judgment of the district court, be avoided, reversed and annulled; and proceeding here to render such judgment as ought there to have been rendered, it is ordered, adjudged and decreed, that the plaintiff and appellee, do recover from the defendant and appellant, the land in dispute, and damages for its use and occupation, at the rate of one hundred and twenty-five dollars, from the judicial demand, and that, is from the 28th day of May, 1820, until the property shall be delivered up to the plaintiff; reserving to the defendant his right of action, if any he have, for the improvements made by him on said land, during his occupancy: costs of this appeal to be borne by the appellee.
Workman for the plaintiff, Morse for the defendant.