## MILLON vs. DELISLE.

APPEAL from the court of the eighth district.

MARTIN, J. delivered the opinion of the court. The petitioner states that an agreement was entered into by which the plaintiff agreed to sell a certain tract of land to the defendant, for which the latter undertook to pay $1500, *i. e.* $500 on signing the agreement 200 three months thereafter, & $800 out of the

A judgment which does not contain the reasons on which it is found ded, is contrary to the constitution.

When the suit is tried entirely on documents, should be certified by the judge; and not by the clerk.

produce of the first lime or lime kiln made on the land—that there remains due $640 out of the last $800; the defendant having neglected to pay out of the first produce of the lime made there. The petition concluded that the defendant be cited to answer the plaintiff in an action of debt.

The defendant admitted the agreement, but averred the plaintiff had neglected to perform his part of it—he pleaded the general issue, payment and compensation, according to an amount annexed to the petition.

There was judgment for the plaintiff and the defendant appealed.

The appellant's answer shows that the judgment contains a reference to no law, nor any reason as the ground of the judgment.—And that no judgment could be given on the petition as it contains no prayer for relief.

The want of any of the reasons, on which the judgment was given, is sufficient ground to reverse the judgment, as the constitution of this state imperiously requires the insertion of the reasons, on which the court acts.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed.

MILLON
vs.
DELISLE.

Proceeding to inquire what judgment the court below ought to have given, we find that the evidence does not come up in a manner that may authorise us in examining the case on the merits.—The clerk has certified that the *documents* on which it was tried are in the transcript. This, the act of 1817 requires should be done by the *judge.* *Moulon* vs. *Brand's syndics*, 10 *Martin*, 669.

It is therefore ordered, adjudged and decreed that the case be remanded, with directions to the court to render judgment according to the provisions of the constitution—and it is further ordered, that the the plaintiff pay costs in this court·

*Hennen* for the plaintiff, *Preston* for the defendant.