## SCOTT vs. BLANCHARD.

APPEAL from the court of the sixth district, the judge of the district presiding.

MARTIN, J. delivered the opinion of the court. In this case, the statement of facts was made after the appeal was prayed for, and the appellee cited to wait on the return day in this court.

The appellant relies on the case of *McMicken vs. Riley & al. vol. 7, 393.* in which we held, that the law has fixed no time within which the judge may *certify.*

The statement of facts may be made at any time before the appeal is granted.

The record of a court of chancery, in another state, certified by the clerk, with the attestation of the chancellor that the certificate is in due form, is legal evidence.

8ns303
49 1781

This is certainly true: but the appellee contends, the Code of Practice requires the statement of facts to be made *before the appeal.*

By the 588th article, the judge is required to make a statement of facts, *in the manner hereafter provided.*

By the 602d article, the party intending to appeal, must require his adversary to draw, jointly with him, a statement of facts.

By the 603d, it is provided, that if the adverse party refuse, or the parties cannot agree, the *court*, at the request of either, shall make such a statement.

Hence, it is urged, that the judge cannot make the statement, till the party, against whom the appeal is intended to be brought, has refused to join his adversary, or both cannot agree. This imposes on the party, *intending* to appeal, to make the application to his adversary, before the appeal be obtained, for afterwards he is the appellant, not the party *intending* to appeal—and after the appeal, the case is no longer in the possession of the inferior court.

In this case, no statement of fact was made, till the return day after the citation of

appeal.   The judgment was rendered on the sixth of May, 1829—the bond filed on the fourteenth.   The day on which the appeal was granted, does not appear—but it was returned on the fifth of October, on which day the statement bears date.

In the case of a *certificate*, when the evidence has been taken down by the clerk in open court, or when there is documentary evidence alone, there is but little need for the exertion of the judge's memory; but when he has to relate every part of the testimony, it is meet he should be called on to do so, at a very early period after the case is tried.   We do not give a forced construction to the words of the Code of Practice, when we fix as a limit, to the period within which the statement of facts is to be made, that which elapses between the judgment and the appeal.

We therefore conclude, that the statement of facts was, in the present case, made too late.

We are next to examine a bill of exceptions to the opinion of the district court, in admitting in evidence, the record of the judgment of the superior court of chancery

for the western district of the state of Mississippi: it is certified by the clerk, under the seal of the court, and the chancellor of that state has certified that the *certificate* is in due form. The act of congress (*Ingersoll*, 77) requires the certificate of the *judge*, *chief justice*, or *presiding magistrate*.

We have the certificate of the *chancellor*, who is the *judge* of the court of chancery. It is further said, the clerk, certifying the copy, had no authority to do so. The individual subscribes himself clerk of the court, and the chancellor certifies his official capacity. If he be clerk, the act of congress authorises him to certify copies of the records of his court. The judge did not err, in admitting the copy in evidence.

The suit is on a judgment of the court of Adams county, in the territory of Mississippi. That judgment was enjoined, and the injunction dissolved by the chancellor of the state of Mississippi. Admit, that the records of the court of chancery are not legal proof of a judgment of the court of Adams county, yet the record of the court of chancery was the only legal evidence of the *dissolution* of the injunction by

the chancellor; and the bill of exceptions is taken to the admissibility of the evidence, not to its effect or strength. The record was properly admitted.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Scott* for plaintiff, *Boyce* for defendant.