EASTERN DIST.
March, 1832.

HODGE
vs.
HIS CREDITORS.

---

## HODGE vs. HIS CREDITORS.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The certificate of the clerk, that he has given a complete transcript of the record, does not enable the Supreme Court to examine the case on its merits.

Where it is clear, all the evidence has not been put on record, the case should not be remanded for the judge's certificate. But where it is doubtful, it should be to see if the judge can give the certificate.

*Peirce,* for appellee.   *Lockett,* for appellant.

The facts are fully stated in the opinion of the court, delivered by *Porter, J.*

The record is certified in the following words:   " I hereby certify, that the above and foregoing twenty-one pages, do contain a full and complete transcript of the record of the case of *William L. Hodge* vs. *His Creditors,* in which James G. Crozier, is opposing creditor, No. 9480 of the records of the court."

The appellee has contended, that on this certificate, we cannot examine the case on its merits, and it is most obvious we cannot.   For though we may have a full and complete transcript of the record, it does not by any means follow, that we have all the evidence given on the trial, nor all the matters on which the case was decided below.   To enable us to draw such a conclusion, we must be certain, that on the trial of every case, all the testimony is taken down.   This we know is not the fact, and the law has taken care to prohibit us from drawing any such an inference, by declaring, that the record must have a certificate from the clerk, that it contains all the testimony adduced in the court below, or in

The certificate of the clerk, that he has given a complete transcript of the record, does not enable the Supreme Court to examine the case on its merits.

default thereof, a statement of facts from the parties, or from the judge. The certificate annexed to this record, would be perfectly true, though none of the evidence, or a part of it only, was put on record. The very point now presented, has more than once been decided in this court, and if it be possible to settle any thing either by reason or authority, the question should not now be considered an open one. 10 *Martin*, 670. 2 *N. S.* 67. 6 *ibid.*, 167. *Code of Practice*, 896.

· The appellant, however, contends, that under the provisions of the Code of Practice, made for the relief of parties, who do not bring their cases correctly before this court, he has a right to have the record remanded, in order to obtain the judge's certificate.

The article relied on, is in these words : "If at the time of the agreement or before, the appellant perceives that the copy of the record is incomplete, either through mistakes or omissions, or from the clerk having failed to certify the copy, as containing all the testimony produced in the cause, or from any similar irregularities, not arising from any act of the appellant, the court may grant him a reasonable time to correct such errors or omissions, during which time judgment on the appeal shall be suspended." *Code of Practice* 898.

The appellee insists that the appellant cannot avail himself of the benefit of this provision, because if the case was remanded, the judge could not, after the appeal was taken, give a certificate.

This court has decided that the judge cannot make out a statement of facts, after the appeal is granted. *Code of Practice* 603.

But, besides the authority given to the judge, by this article, to make out *a statement of facts*, the law has conferred on him the power to certify the record, where the evidence has been reduced to writing and is placed on record. *Code of Practice* 586.

Where it is clear, all the evidence has not been put on record, the case should not be remanded for the judge's certificate. But where it is doubtful, it should be to see if the judge can give the certificate.

The duty imposed on him by this article, we have considered, he might fulfil at any time his knowledge or memory enabled him. Where the testimony is reduced to writing and recorded, the case is not within the mischief which

EASTERN DIST.
*March*, 1832.
_____
HODGE
*vs.*
HIS CREDITORS.

prohibits the judge to make *a statement of facts* after a lapse of time. See the case of *McMicken* vs. *Riley et als*, 7, *N. S*. 393.

So that for the decision of this point, we have to examine whether the testimony was taken in writing, or reduced to writing by the clerk at the trial, and put on record.

On recurring to the transcript placed before us, we find the following entry made :

*Statement of Testimony*:

It is admitted that Bargebur, Oemichen & Co. who are placed on the bilan of the insolvent, as debtors for the sum of seventy-four thousand one hundred and fifty-one dollars and three cents, filed in this court on the

It is admitted by the opposing creditor, that the debt, for which he obtained judgment against the insolvent in this court, is the same which is placed on the schedule of the insolvent, when he failed in Philadelphia.

Whether any more admissions were made, or other testimony was adduced, the record does not inform us. It is evident that something is omitted in the first part of the agreement put on record. For it is not said what is admitted in respect to Burgebur, Oemichen & Co. and the part inserted shows something is omitted. *Filed in this court on the*, evidently suggests the idea that from error in the clerk or some other cause, a part of the admission is left out.

The court ought not to do a vain thing, and where it is clear, all the evidence has not been put on record, the case should not be remanded for the judge's certificate. But where it is doubtful, we think the cause should be remanded, to see if the judge can give the certificate. This was the course we adopted in the case of *Trenchard* vs. *Elderkin*, decided last January, where the circumstances were, in all respects, similar to those now before us.

Let the *certiorari* issue.