LE BLANC *vs.* BROUSSARD'S HEIRS.

WESTERN DIST.
*September*, 1840.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF LAFAYETTE.

LE BLANC
*vs.*
BROUSSARD'S
HEIRS.

| 16L | 137 |
| 47 | 181 |
| 16L | 137 |
| 49 | 1781 |

Either party may have the testimony offered in court, taken down by *the clerk.* The judge has no authority, even at the request of the parties, *to do this* when the court has a clerk, except in a case where the party *intending* to appeal, fails in getting the opposite party to make a statement of facts, then the testimoney taken down by him, in writing, will serve as a statement.

A statement of facts must be procured, by the party *intending* to appeal, *necessarily, before the appeal is granted.*

An appellant neglecting to have a statement of facts made out, when the testimony is not taken down by the clerk *before the appeal is granted,* cannot claim any relief from this court.

This is an action to compel the heirs of Theophile Broussard, among whom his succession was partitioned, to contribute proportionally to make up the loss the plaintiff sustained, in being evicted from a piece of wood-land, which had been set apart as part of her share in the succession. She alleges she has sustained a loss of five hundred dollars thereby.

The defendants pleaded a general denial, and deny that the wood-land, of which the plaintiff complains of being evicted, was sold or set off to her; and if so, she must claim her share of the community between her and her late husband, from the heirs of François Broussard, who caused all the property of Theophile Broussard's succession to be sold.

The Probate Court decreed, that the plaintiff recover from the defendants, jointly and severally, the sum of three hundred dollars, with five per cent. interest, and they appealed.

The case comes up on the pleadings, without any evidence, statement of facts, or bill of exceptions.

The clerk of the Probate Court certifies that he did not attend the trial, and that the Parish Judge frequently takes up probate cases out of the regular term; tries them, and takes down the evidence himself. That this case was decided in December, and the judge died the beginning of June following.

WESTERN DIST.
September, 1840.

LE BLANC
vs.
BROUSSARD'S
HEIRS.

*Neveu*, attorney of the appellant, filed his affidavit, stating that, at his request, the evidence adduced by the parties was taken down by the judge who tried the case, and who promised to make a statement of facts. That it appears, by the certificate of the clerk, the judge has died since the trial of this cause, and that the evidence or statement of facts has been lost or mislaid, and cannot be found. " That the judge after the trial, took time to advise, and it was some time afterward before final judgment was rendered and signed."

*Crow*, for the defendants, moved to dismiss, as there was no evidence in the record, or statement of facts, to enable the court to try the case.

2. It will be seen that it was the appellant's fault that there was no statement of facts, for it was not until after the parish judge's death, which was six moths after the judgment, before any application was made to have the transcript made out.

*Neveu*, for the appellant, strenuously urged that the case be remanded, to afford him an opportunity to have it properly tried and placed before the court, to be heard on the merits. He insisted that, whenever the justice of the case required it, this court had the power to remand for a new trial, and that in the present case, there was every reason and motive to remand.

2. It was no fault of the appellant that the testimony was not taken down, or a statement of facts made out. His counsel had urged the judge to do. it, but he failed or neglected, until he at last died without having made any. He insisted that the judge took a note of the evidence, and if it was lost, it was not the fault of the appellant.

*Martin, J.*, delivered the opinion of the court.

In this case, the plaintiff and appellee moves to dismiss the appeal for want of the evidence on which *the cause was tried*, or a statement of facts.

The case was tried before the probate judge, and judgment signed on the 10th of December, 1839. An appeal was granted on the 28th of the same month, and in the following June the judge died.

The attorney who tried the cause states, in his affidavit, that at his request the "evidence adduced by the parties was taken down in writing by the judge who tried the cause, and that said evidence or statement of facts has been lost or mislaid, and cannot be found."

The Code of Practice authorizes either party to have the testimony, offered to the court, taken down in *writing by the clerk.* When this is done, there is no need of any statement of facts. The judge has no authority, even at the request of one of the parties, to perform this service. If he were to do it, it would be of no avail, except in a case in which the party *intending* to appeal, should unsuccessfully apply to the opposite party to make a statement of facts. In such a case, the judge having a statement of facts to make, might give the testimony which he had taken in writing as a statement.

Some courts of probate in this state, have no clerk. In these, the judge may probably do whatever is to be done by the clerk, in the courts where one is appointed. The record shows, that in the court from whence this appeal is taken, there is a clerk. The testimony not having been taken down by the clerk, this case cannot be brought before us except on a statement of facts. Such a statement must be procured by the party *intending* to appeal, *necessarily, before the appeal is granted. Code of Practice,* 602. *Scott vs. Blanchard.* 8 *Martin, N. S.,* 303.

The appellant has asked of us to reverse the judgment, and remand the case for a new trial, in order to afford him the opportunity of having the case properly brought before us, the death of the judge of probates having deprived him of the means of doing so.

If the appellant had lost the opportunity of bringing his case before this court, by the death of the judge, he would be entitled to relief, as every suitor may claim our aid, when he has not deprived himself of it by his own *laches.*

WESTERN DIST.
*September,* 1840.

LE BLANC
*vs.*
BROUSSARD'S
HEIRS.

Either party may have the testimony offered in court, taken down by *the clerk.* The judge has no authority *to do this* even at the request of the parties, when the court has a clerk except in a case where the party *intending* to appeal, fails in getting the opposite party to make a statement of facts, then the testimony taken down by him in writing will serve as a statement.

A statement of facts must be procured, by the party *intending* to appeal, *necessarily, before the appeal is granted*

An appellant neglecting to have a statement of facts made out, when the testimony is not taken down by the clerk *before the appeal is granted,* cannot claim any relief from this court.

WESTERN DIST.
September, 1840.

WALTON & SON
vs.
BEMISS ET AL.
The appellant having neglected to have a statement of facts made, before the appeal was granted, had no longer the faculty of obtaining one afterwards. The death of the probate judge, who lived six months after the appeal was granted, caused him no injury.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, with costs.