## JAMES ROBERTS v. WARREN M. BENTON.

Where the appellant fails to take the necessary steps to prosecute his appeal, he will be considered as having abandoned it, in the sense of art. 594 of the Code of Practice; and will not be allowed to renew it. *Aliter,* when the appeal is dismissed on motion of the appellee. In the latter case, it may be renewed at any time within the delay fixed by law.

APPEAL by the defendant from a judgment of the District Court for the parish of Carroll, *Davis, J.,* in favor of the plaintiff.

*Selby,* for the plaintiff, moved to dismiss the appeal, and cited Code of Pr., 594. *Dozer v. Sargent,* 4 La., 41.

*Copley,* for the defendant.

Where the certificate of the clerk shows that parol testimony, taken on the trial, but not reduced to writing, is not to be found in the record, and there is no statement of facts, the appeal must be dismissed. The appellant cannot be relieved by a *certiorari,* as it appears from the certificate of the clerk that he cannot send up the evidence.

APPEAL from the District Court for the parish of Carroll, *Tenney,* J.

*Selby,* for the plaintiff, moved to dismiss the appeal.

*Copley,* for the appellant.

Benton v. Abner C. and James Roberts.

GARLAND, J. The defendant is appellant from a judgment rendered against him on a promissory note. The plaintiff moves to dismiss the appeal, because the certificate of the clerk shows that the case cannot be examined on the merits. The certificate is, that it is a 'correct transcript and true copy of all the proceedings had, and papers and documents filed in the above entitled suit, as well as of all the evidence adduced by the parties, *except parol testimony, which was not reduced to writing on the trial of the above recited cause, &c.*' From this statement it is evident that the case cannot be examined on its merits, and it is not in our power to aid the defendant by a *certiorari*, as the clerk could not from his certificate send us the evidence. The defendant does not appear to have called on the plaintiff for a statement of facts, or on the judge to make one, after the plaintiff refused. At the time of the trial he does not seem to have manifested any intention of taking an appeal, and did not require the evidence to be taken in writing. The appellant has taken no other step to bring his case before us, than to take an appeal. We can therefore do no more or less than dismiss it with costs. 3 La., 454. 17 Id. 197. 18 Id., 437.

*Appeal dismissed.*