On the Motion to Dismiss.
The opinion of the court was delivered by
Nicholls, C. J.
Defendant cast in an action can not be forced to remain in court until it shall suit the representatives of a plaintiff, who has died since the signing of the judgment, to make themselves *1657 parties to the action. He is entitled to a continuing plaintiff, and if plaintiff’s representatives fail to make themselves parties, defendant is authorized to have them represented by a person appointed for that purpose by the court. Appellee contends that the provisions of Arts. 116 and 964 of the Code of Practice and 313 of the Civil Oode do not apply to the appointment of a curator ad hoc to a plaintiff, but we are of the opinion that an appeal by a defendant partakes sufficiently of the nature of a claim against a plaintiff who has succeeded in obtaining a judgment against him, to fall under the terms of those provisions of the law. [14 An. 157; Zuberbier & Behan vs. Prudhomme et als., 34 An. 1049; Covas et al. vs. Bertoulin et al , 44 An. 689; Crawford et al. vs. Binion, 46 An. 1266.] Quoad an appeal, plaintiff is called on to act defensively.
We are of the opinion that upon the death of Mrs. M. O. Theus, defendant was authorized, on suggesting as he did that fact, under oath, to have a curator ad hoe appointed by the court to represent the minors. That such order was made, appears of record.
The curator ad hoc, though contesting the legality of the appointment, has none the less accepted it, as he appears to dismiss the appeal. He insists upon the dismissal for the want of a statement of facts.
The statment made bears date of the 8th of May, 1897. It is not included in the body of the transcript and copied as part of the same, but appears as an independent document at the foot of the transcript.
The character of the issues involved is such as to require for their determination here, either a copy of the testimony taken in the lower court or a statement of facts. The statement of facts forwarded was made out too late; it having' been made after an order of appeal had been granted, and appellant had filed his bond under it. The appeal must, therefore, be and it is hereby dismissed. State ex rel. Boudreau vs. Judge, 13 An. 485; Logan vs. Winder, 20 An. 253; Boutté vs. Boutté, 30 An. 181.