## JACOBS v. SOUTHWESTERN GAS & ELECTRIC CO.*

### No. 4598.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 3, 1933.

J. B. Crow, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson and E. S. Klein, all of Shreveport, for appellee.

DREW, Judge.

Plaintiff sued under the Workmen's Compensation Act (Act No. 20 of 1914, as amended) for total disability, and alleged as a cause of action, in paragraphs 5 and 6 of his petition, as follows:

"That while engaged in the said work for the said Southwestern Gas & Electric Company, petitioner, in 1926 or 1927, by reason of a severe strain produced by lifting and placing heavy poles, was ruptured on his right side, or sustained a hernia, which, under the continued heavy strain and work incident to his employment, kept becoming aggravated until the 27th day of February, 1932, when it became so severe that petitioner was forced to quit the employ of said Company, whose officials and agents recommended that he have an operation, and he was forced to have an operation on or about March 7, 1932, for said hernia, which left him still in a more or less debilitated condition, and his condition has incapacitated him

*Rehearing denied December 1, 1933.

for work of any reasonable character since said time.

"That said rupture was sustained by reason of an accident, and the condition was aggravated by reason of said accident and strain from setting poles for the said Southwestern Gas & Electric Company on February 27, 1932, and since that time he has not worked any for the said Southwestern Gas & Electric Company, which said injuries were all sustained and the condition continuously aggravated by and because of his said hazardous work for the said Southwestern Gas & Electric Company and while in the course of his employment and in the exercise of the functions for which he was employed by the said Southwestern Gas & Electric Company."

Defendant filed an exception of no cause of action and a plea of prescription of one year, both of which were sustained by the lower court, and plaintiff prosecuted this appeal.

Both exceptions are based on the ground that no accident is alleged to have occurred within twelve months prior to the filing of this suit. The present suit was filed February 25, 1933, and defendant's contention is that the petition does not allege an accident within twelve months' period prior to the filing of the suit.

Strains which cause hernia have repeatedly been held to be accidents, within the intendment of the Compensation Act of this state. Fatal dilation of heart, rupture of coronary artery, or cerebral hemorrhage, superinduced by servant's overexertion in employment, is "accident," within the Compensation Act of Louisiana (Act No. 20 of 1914, § 2, as amended by Act No. 85 of 1926). Wright v. La. Ice & Utilities Co., 19 La. App. 173, 138 So. 450.

"Where an injured employee works in excessive heat which caused an enlargement and dilation of the heart which rendered the heart unable to properly function, it was an 'accident' within meaning of the Workmen's Compensation Act defined by Section 38 of Act 20 of 1914.

"Where an injured employee suffered from a diseased heart, if there was a causal connection between the labor performed and the collapse of the injured employee, it will be considered an accidental injury within the meaning of the Workmen's Compensation Law, Section 38 of Act 20 of 1914, because the over-exertion was the proximate cause of the disability." Becton v. Deas Paving Co., Inc., 3 La. App. 683 (syllabi).

In Craft v. Gulf Lumber Company, 151 La. 281, 91 So. 736, a hernia was found by the court to be in process of development, and an accident quickening and accelerating it was held to be compensable.

In Hamilton v. La. Central Lbr. Co., 12 La. App. 296, 125 So. 492, 493, this court said: "Counsel for plaintiff argues that even though the hernia was not produced by an accidental injury sustained, if the injury augmented or aggravated the condition which already existed, plaintiff would still be entitled to compensation. That is unquestionably true, but plaintiff's failure to prove that he received the injury as he alleges is fatal to his case."

Strains, blows, and other accidents resulting in hernia, or aggravating previous existing conditions of hernia, are compensable. It therefore follows that the only question for determination is: Did plaintiff allege an accident to have occurred within twelve months prior to the filing of this suit?

In paragraph 6 of the petition, he alleged that: "The rupture was sustained by reason of an accident, and the condition was aggravated by reason of said accident and strain from setting poles for the Southwestern Gas & Electric Company on February 27, 1932, and since that time he has not worked * * *."

He alleged in the above excerpt from paragraph 6 of the petition that his previous condition was aggravated by a strain received on February 27, 1932, and is an allegation of an accident on that date, which was within the twelve months' period prior to the date of the filing of suit.

We therefore find the judgment of the lower court is incorrect and is hereby reversed, and the case remanded to the lower court for further procedure, in accordance with law.