## DAVIS v. UNGERMAN.
### No. 4604.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

J. S. Pickett, of Many, for appellant.

Edwin M. Fraser, of Many, for appellee.

MILLS, Judge.

This is a suit, coupled with a provisional seizure, to recover wages for work done in drilling an oil well. In the lower court plaintiff obtained judgment for $196, maintaining

the provisional seizure and recognizing his privilege. The case was tried and judgment rendered January 17, 1933. Judgment was signed and filed the next day, and at the same time defendant was granted a suspensive and devolutive appeal to this court. Appeal bond was filed January 28, 1933.

The testimony taken at the trial was not reduced to writing. The only statement of facts found in the record is one made by the trial judge, dated and filed April 1, 1933, after the taking of the appeal and the filing of the bond.

Appellee files a motion to dismiss the appeal on the ground that the testimony was not taken down in writing at the time of the trial, that the statement of facts by the district judge was not obtained and filed until after the appeal was taken and perfected, and that plaintiff did not consent to the making and filing of the statement of facts after the perfecting of the appeal.

In an answer to the motion to dismiss, and an answer to that, it appears that some effort was made to obtain an agreed statement of facts by the parties, but it is not established that plaintiff or his counsel ever consented to the taking and filing of the statement found in the record. A statement made by one party and denied by the other does not constitute proof.

The proceedings in this case are governed by articles 602 and 603 of the Code of Practice. The former article applies to statements agreed to by the parties. The latter provides for the making of a statement by the court when the parties cannot agree. There is nothing in either article fixing the time when such statements must be filed, but there is a long unbroken line of decisions holding that the certificate of the judge as to the facts, issued after-appeal had been obtained and perfected, does not meet the requirements of the law and cannot be considered without the consent of the parties. Scott v. Blanchard, 8 Mart. (N. S.) 303; Le Blanc v. Broussard's Heirs, 16 La. 137; Hill v. Tippett, 10 La. Ann. 554; State ex rel. v. Judge of Second Dist. Court, 13 La. Ann. 485; Theus v. Kemp, 49 La. Ann. 1650, 22 So. 962; Cohn Flour & Feed Co. v. Mitchell, 18 La. App. 534, 136 So. 782.

Counsel for appellant asks that, in the event the motion to dismiss the appeal should be sustained, he be reserved the right to perfect a devolutive appeal herein. We are without right to change the legal effect of the judgment rendered on this motion.

Under the facts in this case and the settled, jurisprudence, appellee's motion must be sustained.

The appeal is accordingly dismissed át the cost of appellant.