## GOFF v. ZEIGLER.

### No. 5437.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1937.

Joel L. Fletcher, of Colfax, for appellant.
C. H. McCain, of Colfax, for appellee.

DREW, Judge.

Plaintiff instituted this suit for compensation under Act No. 20 of 1914, and amendments thereto. Defendant denied that plaintiff was in his employ at the time of the alleged injury. The lower court rejected plaintiff's demands and he has appealed to this court.

The record does not contain a transcript of the testimony. We have before us only the petition, answer, and judgment. Plaintiff has filed a motion in this court to remand the case for trial de novo, basing his contention on the ground that he did not know the trial judge, who had been defeated for re-election, would be succeeded in office as soon as he was.

The case was tried without a stenographer to take the testimony, it being agreed between counsel at the time of trial that if an appeal was taken by either, upon request the trial judge would prepare a statement of facts to be filed in the record, in accordance with the law regarding statements of fact. Judgment was rendered on November 16, 1936, and plaintiff proceeding in forma pauperis, immediately asked for an appeal, which was granted without bond and the return day fixed as of December 31, 1936.

The trial judge's term of office expired on December 7, 1936, without appellant requesting a statement of facts from him. The appeal was lodged here on December 30, 1936, and at that time appellant had made no offer to secure a statement of facts. As we gather from the meager record before us, it was not until April 21, 1937, that appellant made any offer to secure the statement of facts and that was done by a motion in the lower court to correct the minutes to show the agreement between counsel for plaintiff and defendant, as heretofore set out, and a request made on the trial judge, who no longer was a judge of the district, to furnish a statement of facts. The former judge, as shown by his statement filed here by appellant with his motion to remand, stated he was without authority or right to take any further action in the case.

 If we assume as true all the allegations of appellant regarding the agreement between counsel as to the statement of facts, we are still without right in law to grant him any relief. The only appeal prayed for by him was a devolutive one. He had twelve months from the date of judgment

in which to ask for such an appeal. He saw fit to ask for it on the day the judgment was signed and it was granted without bond. After he had so perfected his appeal, it was too late for a statement of facts, even though he had requested it within a reasonable time, which he did not. Articles 602, 603, Dart's Code of Practice, and the many decisions cited thereunder.

The motion to remand is overruled.

 Since there is no testimony or statement of facts in the record, we presume the lower court proceeded upon proper evidence, and the judgment is affirmed.