113 So.2d 319 (1959)
Allen C. WILLIAMS, Sr., Plaintiff-Appellee,
v.
CREDIT SERVICE CORPORATION, Defendant-Appellant.
No. 9009.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1959.
Rehearing Denied July 3, 1959.
Writ of Certiorari Denied October 7, 1959.
*320 Ferdinand A. Cashio, Shreveport, for appellant.
Dimick & Hamilton, Shreveport, for appellee.
AYRES, Judge.
By this action plaintiff seeks (1) the dissolution of garnishment proceedings instituted by defendant against the Kansas City Southern Railway Company, plaintiff's employer, and the release of his wages from seizure, and (2) damages for the alleged wrongful issuance of said proceedings. From a judgment, dissolving the garnishment and ordering plaintiff's wages released and awarding plaintiff damages in the sum of $200, defendant appealed.
The testimony taken at the trial was not reduced to writing. The only statement of facts found in the record is one made by the trial judge and filed January 20, 1959, after the appeal was taken and perfected by the posting of an appeal bond. Both plaintiff and defendant complain that the statement of facts of the trial judge was unduly delayed and object to its consideration on that ground. Plaintiff contends that such a statement must be procured and filed before an appeal is taken and urges that the trial court acted on sufficient evidence. Wherefore, he insists that the judgment be affirmed. Defendant, however, insists that he was most diligent in his efforts to timely procure the aforesaid statement and that its untimely filing was due to no fault of his. Wherefore, it contends that, at least, the judgment should be annulled and that a new trial be granted.
On these issues the record establishes these pertinent facts: The judgment appealed was rendered December 11, 1958, and signed December 16, 1958, and on December 19, 1958, defendant's counsel made written request upon plaintiff's counsel for the joint preparation and filing of a statement of facts for use in the appellate court in accordance with Code of Practice, Art. 602. No agreement was reached between them and thereafter on December 26, 1958, defendant's counsel by written motion filed in open court called the court's attention to the failure or refusal of counsel to agree upon a statement of facts and requested and prayed that the court prepare and file such a statement in accordance with the provisions of Code of Practice, Art. 603. The time for the taking *321 and perfection of a suspensive appeal expiring on December 29, 1958, defendant again in open court on December 26, 1958, objected to the delay in the filing of the statement requested and, his objection going unheeded, applied for and was granted orders of appeal returnable to this court on or before February 16, 1959. The court, after entering this order and after the appeal bond was posted, filed a statement of the facts under date of January 20, 1959, 22 days after the appeal was taken and perfected to this court.
The general rule is recognized in the jurisprudence of this State that a statement of facts contemplated by Code of Practice, Arts. 602 and 603 must, without the consent of the parties, be made and filed before the appeal is granted. Trenchard v. Elderkin, 3 La. 294; Hodge v. His Creditors, 3 La. 454; Scott v. Blanchard, 8 Mart. (N.S.) 303; Le Blanc v. Broussard's Heirs, 16 La. 137; Hill v. Tippett, 10 La.Ann. 554; State ex rel. Boundreau v. Judge of Second District Court of New Orleans, 13 La.Ann. 485; Theus v. Kemp, 49 La.Ann. 1650, 22 So. 962; Cohn Flour & Feed Co. v. Mitchell, 18 La.App. 534, 136 So. 782; Davis v. Ungerman, La.App., 150 So. 401; Francis v. Barbazon, 10 La. App. 55, 120 So. 427; Goff v. Zeigler, La. App., 174 So. 702.
In Davis v. Ungerman, supra [150 So. 402], this court stated:
"The proceedings in this case are governed by articles 602 and 603 of the Code of Practice. The former article applies to statements agreed to by the parties. The latter provides for the making of a statement by the court when the parties cannot agree. There is nothing in either article fixing the time when such statements must be filed, but there is a long unbroken line of decisions holding that the certificate of the judge as to the facts, issued after appeal had been obtained and perfected, does not meet the requirements of the law and cannot be considered without the consent of the parties."
These holdings are obviously predicated upon the proposition that, when a suspensive appeal has been granted and perfected by the posting of an appropriate appeal bond, where such bond is required, jurisdiction vests immediately in the appellate court and remains so vested until the appeal is disposed of and that the trial court is, by virtue of the perfection of said appeal, divested of jurisdiction except to test the sufficiency of the appeal bond and forward the transcript to the appellate court. That the appellate court is invested with jurisdiction of the case and the trial court divested of jurisdiction thereof by the perfection of the appeal is well established in the jurisprudence. Williams v. Chew, 6 Mart. (N.S.) 463; Fink v. Martin, 10 Rob. 147; Lottspeich v. Diboll, 28 La.Ann. 772; Charvanel v. Esvard, 150 La. 305, 90 So. 658; Mundy v. Phillips, 157 La. 445, 102 So. 519; Jaenke v. Taylor, 161 La. 996, 109 So. 814; Mistich v. Holman, 205 La. 171, 17 So.2d 23; Borgnemouth Realty Co. v. Gulf Soap Corp., 211 La. 255, 29 So.2d 841; Wainwright v. Wainwright, 221 La. 787, 60 So.2d 410; Gulf States Finance Corporation v. Colbert, 223 La. 743, 66 So.2d 793; Ilardo v. Agurs, 226 La. 613, 76 So.2d 904; City of Baton Rouge v. Kiper, La.App., 96 So.2d 241.
Unless there are factors in the instant case rendering inapplicable the aforesaid rule, it would have to be followed here. The proof establishes that defendant did everything possible to procure timely a statement of facts from the trial judge. Nevertheless, the court granted orders of appeal "subject to the drawing up of the agreed statement of facts as above set forth", which the minutes reflect the court agreed to prepare in the presence of counsel for both plaintiff and defendant. The minutes of the court reflect no further objection to the court's delayed action. These facts, in our opinion, distinguish *322 the instant case from the authorities relied upon as establishing the general rule existing in the jurisprudence, to which we have referred. The reservation of the right by the trial court in granting an appeal to supply a statement of fact is neither contended nor shown to have operated to the prejudice of either plaintiff or defendant. Accordingly, the conclusion is that the statement of facts as filed by the trial judge should be given consideration in determining the merits of the issues presented on the appeal. See Mistich v. Holman, supra. 205 La. 171, 17 So.2d 23, 24.
On the merits plaintiff contends that he was not the defendant in an action wherein defendant, Credit Service Corporation, obtained a judgment against one Allen C. Williams, on which execution issued and his wages garnisheed. He further contends he does not owe the account therein sued upon and that he was neither served nor cited in that action.
The action and judgment were predicated upon an account of Dr. H. J. Quinn against plaintiff's son. The account was assigned by Dr. Quinn to Credit Service Corporation. The son resided at plaintiff's residence. Citation was addressed to Allen C. Williams and domiciliary service was made by handing to someone residing in plaintiff's household. The evidence does not disclose the person upon whom service was made. Judgment was rendered by default, after which notice of judgment, addressed to Allen C. Williams, was served upon plaintiff at his residence. Plaintiff took no action and presumed that the proceedings were directed to and against his son. However, upon the garnishment of his wages, he was immediately notified by his employer, a rule of which requires the discharge of any employee who permits for a second time the garnishment of his wages. Plaintiff herein forthwith notified James R. Pickett, manager of Credit Service Corporation, that his wages had been garnisheed; that he was not the person who received treatment from Dr. Quinn, and, moreover, that it was an obligation of his son, against whom the judgment had been rendered. Plaintiff's statements were supported by Dr. Quinn in a telephone call from Mr. Pickett. Other requests for the release of plaintiff's wages and a voluntary dissolution of the garnishment were made by plaintiff and his attorney, but their requests were refused.
Defendant herein contends that the judgment upon which these proceedings are predicated is final and res judicata. This contention is without merit. Plaintiff herein, Allen C. Williams, Sr., was not a party-defendant in the action instituted by Credit Service Corporation; nor was he served or cited therein; nor did he owe the account sued upon. LSA-C.C. Art. 2286 provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." (Emphasis supplied.)
The original good faith defendant probably had initially was forfeited by its persistence in refusing to recognize and accept the facts as pointed out to it not only by plaintiff and his counsel but by the assignor of the account upon which it sued. After determining, or after it should have determined, from facts called to its attention that plaintiff herein was not the obligor nor the party sued, defendant persisted in its efforts to collect another's debt from this plaintiff through the garnishment of his wages in a proceeding which well could be considered to cause plaintiff inconvenience and embarrassment and the possible loss of his employment. Even if the original good faith of the defendant in resorting to the garnishment proceedings under the established facts should be conceded, it could be nevertheless only concluded that the proceedings were wrongfully issued and defendant should, therefore, respond in the *323 damages actually sustained by plaintiff. General Motors Acceptance Corporation v. Sneed, 167 La. 432, 119 So. 417; McDaniel & Co. v. Gardner & Co., 34 La.Ann. 341; Wall v. Hardwood Mfg. Co., 127 La. 959, 54 So. 300; Hathaway v. Winn, 4 La.App. 588.
The quantum allowed by the district court is most moderate. $100 was allowed as attorney's fees for the dissolution of the garnishment proceeding. This is supported by the evidence. $100 additional was allowed for embarrassment and injury to plaintiff's financial reputation. The award is not excessive and plaintiff has not complained.
The judgment is, accordingly, affirmed at appellant's cost.
Affirmed.