JANVIER, Judge.
This suit for damages for the alleged illegal garnishment of wages arose out of a suit by the present defendant, Columbia Finance Corporation, against Tommie Adams in which the said Finance Company, having obtained a moneyed judgment against Adams, in an effort to enforce collection of the amount of the judgment, issued garnishment proceedings against the employer of the present plaintiff, Mrs. Idell Scott, wife of the said Tommie Adams, and, under the said garnishment, caused the New Orleans Union Passenger Terminal, the employer of the present plaintiff, to hold in its possession certain wages which she had earned and which, •but for the garnishment, would have been paid to her.
Though the said Mrs. Idell Scott Adams was the wife of the said Tommie Adams, she had secured a judgment of separation from bed and board and, as a result, the community which had formerly existed between them had been dissolved. Her wages had been garnisheed without knowledge of the dissolution of the community and under the belief that, since the wages of the wife fell into the community, they could be seized to satisfy a judgment against the husband. When it was discovered that the community had been dissolved, Columbia Finance Company caused the dissolution of the garnishment and the release to Mrs. Adams of the wages due to her by her employer. This suit by her for damages is the result.
In the Civil District Court for the Parish of Orleans there was judgment in favor of plaintiff in the sum of $100, and she has appealed, asserting that the amount awarded is insufficient to compensate her for her humiliation and embarrassment and for the delay in the receipt of her wages.
The defendant, Columbia Finance Company, did not appeal nor answer the appeal of plaintiff. Thus the only question before us is whether or not the amount awarded Mrs. Adams is adequate.
She was employed by the New Orleans Passenger Terminal as a coach cleaner. The amount of wages temporarily held by the employer was $27.13. This amount was held for seven days, and on dissolution of the garnishment was immediately released to her.
She testified that she was humiliated and embarrassed and that she could not do her work properly and that her foreman “was on her back”. It is shown that the employer had never discharged any employee as a result of a garnishment and that there was not the slightest danger that this plaintiff would be discharged. She herself stated that, at the time of the trial, she was still in the same employment, by the same employer. There is nothing to show that she was more than slightly embarrassed and nothing to corroborate her statement that she was so nervous that it was difficult for her to work. It is true that, as a result of being deprived of her wages, she may have been to some extent slightly financially embarrassed, hut this embarrassment was certainly compensated for by the award of $100.
Under all the circumstances, we think the amount awarded is adequate.
The judgment appealed from is affirmed; plaintiff to pay the costs of appeal; all other costs to be paid by defendant.
Affirmed.