148 So.2d 176 (1962)
PERSONAL FINANCE, INC.
v.
Herbert and Katie SIMMS.
No. 5639.
Court of Appeal of Louisiana, First Circuit.
November 9, 1962.
Rehearing Denied December 14, 1962.
*178 J. Peyton Parker, Jr., Baton Rouge, for appellant.
Palmer & Palmer, by Charles B. W. Palmer, Amite, for appellee.
Before LOTTINGER, HERGET and LANDRY, JJ.
LANDRY, Judge.
This matter is presently before us for the second time. In our previous decision, reported at 123 So.2d 646, we held that a judgment rendered against both defendants, (who were then husband and wife) upon a promissory note signed and executed by the husband alone, was null and void as to the wife.
Upon our annulment of the judgment rendered against her, Katie Simms, defendant in said former action by Personal Finance, Inc., instituted this present suit as plaintiff against Personal Finance, Inc., for damages for alleged wrongful garnishment of her wages. The basis of this present action for damages is the contention that the wife was living separate and apart from her said husband at the time the garnishment was instituted against her, therefore, her earnings were her own separate and paraphernal property and not subject to seizure for a community debt or obligation notwithstanding she was neither divorced nor judicially separated from the judgment debtor.
Since the positions of the parties to these related actions have now been reversed, plaintiff in the former becoming defendant in the latter, and vice versa, henceforth in this opinion, for purposes of clarity the term "plaintiff" shall be understood to mean and refer to the present plaintiff, Katie Simms, and the term "defendant" shall be construed as applying to the present defendant, Personal Finance, Inc.
Under the laws of this state, as a general rule, the wife is not personally responsible for community debts or obligations. LSA-R.C.C. Articles 2409, 2410; Breaux v. Decuir, La.App., 49 So.2d 495; Rouchon v. Rocamora, La.App., 84 So.2d 873. Granting that under certain given circumstances a wife may become personally obligated for the payment of community debts such is not the question presently before us as we have heretofore determined that plaintiff was under no personal obligation to defendant.
The sole question before us on the present appeal is whether plaintiff's wages which were garnished by defendant were community property or the separate and paraphernal property of plaintiff.
Defendant contends that a wife's wages are subject to garnishment for a community debt so long as she continues to reside with her husband even though the judgment thus sought to be executed is against the husband alone. There can be no question but that such is the established law of this state. It is equally clear, however, that the foregoing rule is without application when the husband and wife are living separate and apart. In the former case the wages of the wife fall into the community of acquets and gains whereas, in the latter instance, her wages are her separate paraphernal property. Article 2334, LSA-R. C.C. provides in unmistakable terms that the earnings of the wife when living separate and apart from her husband, although not separated by judgment of court, are her separate property. In the case at bar plaintiff was in fact living separate and apart from her husband when the garnishment was instituted by defendant. It follows, therefore, that the property seized by defendant *179 was the separate property of plaintiff.
In his brief before this Court, learned counsel for defendant points out that the garnishment issued against plaintiff was withdrawn immediately after a certified copy of a decree of separation obtained by plaintiff was sent to him on February 3, 1960. It is difficult for us to perceive how this circumstance may be considered in mitigation of the wrongful garnishment of plaintiff's wages when it also appears that, for several months thereafter, defendant failed to return the money wrongfully obtained. As correctly pointed out by able counsel for plaintiff, voluntary release of property seized does not exonerate the seizing creditor from liability for the wrongful seizure thereof. First Nat. Bank Bldg. Co., Limited v. Dickson & Denny, 202 La. 970, 13 So.2d 283.
The decree of judicial separation obtained by plaintiff had no legal effect whatsoever upon the ownership of plaintiff's earnings. By virtue of her living separate and apart from her husband at the time, her wages were her separate and paraphernal property both before as well as after rendition of the judgment of separation. In addition, the record discloses that prior to issuance of the fi. fa. and garnishment in question, counsel for defendant was fully informed of the circumstances and well knew that plaintiff's wages were not subject to garnishment for the discharge of a community obligation. Under such circumstances defendant is in no position to plead good faith in bar of plaintiff's claim for damages. The act of defendant's attorney is imputable to defendant. Martin v. Schwing Lumber & Shingle Co., 228 La. 175, 81 So.2d 852.
Astute counsel for defendant herein makes the additional argument that plaintiff wife having obtained a decree of judicial separation has become liable for one-half the community obligations pursuant to LSA-R.C.C. Article 2409 and that line of jurisprudence which holds that a wife who takes an active part in the effects of the community is deemed to have tacitly accepted the community of acquets and gains. This issue, however, is not before us as there has been no judicial determination of either plaintiff's acceptance of the community or of her loss of the right of renunciation. In this regard nothing in the record herein is indicative of either plaintiff's acceptance of or loss of the right of renunciation respecting the community which heretofore existed between plaintiff and her husband. To dispose of the case at bar it suffices to say that defendant possesses no valid judgment against plaintiff upon which she may be personally held and defendant's judgment against the community may not be satisfied by execution upon the wife's separate property (wages earned while living separate and apart from her husband) either before or subsequent to judicial dissolution of the community.
Defendant also urges that the present action is foreclosed by a compromise settlement effected through certain correspondence between counsel for these litigants. Said correspondence, however, in the form of letters appearing of record, indicates that no mention therein was made concerning a suit for damages by present plaintiff. By letter dated May 18, 1960, counsel for plaintiff agreed to dismiss the first appeal herein upon return of plaintiff's garnished wages, but defendant made no effort to comply. Subsequently, on June 6, 1960, plaintiff obtained a rule directing defendant to show cause why the seized funds should not be returned to plaintiff. Thereafter (several weeks after the first appeal was argued before and submitted to us) defendant did in fact return the garnished wages. Any further review of the negotiations toward settlement would be useless since the conclusion is inescapable that no compromise agreement was consummated.
Alternatively, defendant contends plaintiff has failed to establish by a preponderance *180 of evidence that she suffered damages. Conceding the good faith of the seizing creditor, when garnishment proceedings are wrongfully issued, the seizing creditor is liable for damages actually sustained by the owner of the property wrongfully seized. Williams v. Credit Service Corporation, La.App., 113 So.2d 319, and cases therein cited.
The trial court awarded plaintiff $100.00 for embarrassment and humiliation, $200.00 for damages to her reputation and $200.00 attorney's fees. Plaintiff has answered the appeal seeking an increase in these awards.
It is uncontradicted that plaintiff was served with process while at school and further that her name appeared in the Tangi Talk, a local newspaper, wherein notice of the garnishment was published in the legal news. It further appears that the matter was the topic of discussion among the Negroes of the community wherein plaintiff resided and taught. Plaintiff's superiors testified that although teachers do not lose their positions because of garnishment proceedings against them, such occurrences indicated that they were not paying their just debts and affected their reputations with the superintendent and school board. Both the Superintendent of Schools and the Supervisor of Negro Schools testified that teachers whose wages are garnished are reproved and admonished to pay their debts and further that although no further stigma attached to plaintiff when the garnishment was recalled and her money refunded, nevertheless, while garnishment was in force it would have adversely affected her opportunities for promotion or advancement. While it was not established that plaintiff was considered for promotion during the period in question, it does appear, however, that her reputation was impugned during the effective period of the garnishment. In this latter regard it appears that plaintiff attempted to obtain loans from a finance company and from the Teachers Credit Union but was unable to do so because of the then outstanding order of garnishment. From the foregoing it is clear that plaintiff experienced humiliation, embarrassment and damage to her reputation.
In Scott v. Columbia Finance Corporation, La.App., 119 So.2d 548, damages in the sum of $100.00 were awarded for the wrongful garnishment of the sum of $27.13, when it was found that the sum was withheld for only seven days, the employee was in no danger of discharge and only slight embarrassment resulted from the illegal seizure.
In Williams v. Credit Service Corporation, La.App., 113 So.2d 319, plaintiff apparently failed to establish actual damages but the court therein found that the proceeding "well could be considered to cause plaintiff inconvenience and embarrassment and the possible loss of his employment." The court concluded that under such circumstances an award of $100.00 for embarrassment and a like sum for attorney's fees was most moderate but since plaintiff did not complain thereon on appeal no increase was made therein. In the present case the sum of $233.36 was withheld from plaintiff for approximately one year.
Considering the circumstances of the case at bar we are of the opinion that the award of damages for embarrassment and humiliation should be increased to the sum of $200.00 and the allotment for damages to plaintiff's reputation raised to $300.00.
Considering now plaintiff's claim for attorney's fees we find that the writ of garnishment herein involved was formally recalled and dissolved under circumstances hereinafter set forth.
Defendant herein asserts that the writ of garnishment was dissolved and recalled pursuant to a letter addressed by defendant to the Clerk of Court under date of February 8, 1960. The record does not reveal the date of receipt of said letter by the Clerk but it does show, however, that upon motion of counsel for defendant and upon the showing that all plaintiff's funds had *181 been returned, judgment was entered dismissing the garnishment as of August 3, 1960. In the meantime, however, plaintiff, on June 6, 1960, filed a motion to dissolve and in addition prayed for the return of her seized wages. It is clear, therefore, that following the filing of plaintiff's motion to dissolve, the writ was in fact dissolved upon the application of defendant and further, that at an undisclosed date subsequent to plaintiff's motion to dissolve, defendant returned plaintiff's money. That it was necessary for plaintiff to institute an action to dissolve to secure formal dissolution of the writ and the return of her funds is self-evident. Following the return of her withheld wages no further action was either required or taken by plaintiff until the institution of the present suit for damages. Although the present action for damages is separate and distinct from the former action to dissolve the writ, there appears no good reason why plaintiff should not be awarded attorney's fees for the prior proceeding required to obtain dissolution of the writ and the return of her funds.
Prior to adoption of our presently effective Code of Civil Procedure, the law of this state was well settled to the effect that the only exception to the rule that attorney's fees are not ordinarily allowed in a civil action is where a temporary restraining order or conservatory writ is dismissed prior to trial on the merits or where property of a third person is illegally seized and he is compelled to enjoin the seizure to obtain release of his property.
In Sims v. Matassa, La.App., 200 So. 666, it was held that reasonable attorney's fees incurred in securing the release of a concubine's property wrongfully seized in execution of a judgment against her paramour was a proper item of damages but, where the judgment creditor was in good faith, attorney's fees for services rendered subsequent to release of the seizure may not be recovered.
In Jones v. Dietrich et al., La.App., 186 So. 881, attorney's fees incurred for the purpose of securing the release of property illegally seized was held to be a recoverable item of damages.
In Williams v. Credit Service Corporation, La.App., 113 So.2d 319, attorney's fees were allowed upon motion to dissolve a writ of garnishment which motion was prosecuted to definitive judgment in favor of the party moving to dissolve.
We believe that defendant's dismissal and recall of the garnishment subsequent to the filing of plaintiff's motion to dissolve was prompted and motivated by the filing of plaintiff's motion to dissolve and defendant's knowledge of facts and circumstances which indicated that plaintiff's funds were being wrongfully withheld. Under such circumstances the dismissal of the writ was tantamount to its dissolution upon trial of plaintiff's motion to dissolve insofar as concerns defendant's liability for attorney's fees.
It is clear from the record that but for plaintiff's filing of the motion to dissolve, the writ would at least have technically remained in effect although plaintiff's wages were no longer being garnished and also but for the filing of the motion, defendant would not have returned plaintiff's wages theretofore seized.
Considering the circumstances shown, there appears no valid distinction between the instant case and that of Williams v. Credit Service Corporation, supra. While it is true that in the Williams case the motion to dissolve was successfully prosecuted to final judgment, it is also true that in the present case the writ was dissolved by order of the court upon the application of defendant made subsequent to the filing of plaintiff's motion to dissolve. We see little, if any, differentiation in the legal effect thus produced. Beyond any doubt whatsoever plaintiff's motion to dissolve is the factor which motivated defendant's dismissal. Upon defendant's dismissal of the writ and return of plaintiff's property any further action on the part of plaintiff would have been a vain and useless gesture.
*182 We find, therefore, that plaintiff is entitled to attorney's fees but only insofar as concerns her suit to dissolve the writ and secure the return of the garnished wages. She is not entitled to attorney's fees incident to the present suit for damages. The award of $200.00 for attorney's fees made by the trial court appears reasonable and accordingly, is affirmed.
For the reasons hereinabove set forth it is ordered, adjudged and decreed that the judgment of the trial court is hereby amended and judgment rendered herein in favor of plaintiff Katie Simms and against defendant Personal Finance, Inc., in the full sum of Seven Hundred and 00/100 ($700.00) Dollars, together with legal interest thereon at the rate of five (5%) per cent per annum from date of judicial demand, until paid, and for all costs of these proceedings.
Amended and affirmed.
ELLIS and REID, JJ., recused.