ELLIS, Judge.
Although the complete record in these proceedings is not presented to this court on appeal, this suit was apparently a boundary action which was settled by a consent judgment based upon stipulation of opposing counsel. This judgment was rendered and signed December S, 19(53. A disagreement then arose concerning one item of the surveyor’s charges. This item in dispute was not a charge for actually running the common boundary between plaintiff’s land and defendant’s land. Apparently, the charge was for prefatory survey work which the surveyor considered necessary to establish the common boundary. Under the terms of the consent judgment, the charges for survey work “insofar as they relate to common boundaries” were to be taxed as costs and paid one-fourth by defendant and three-fourths by plaintiff. Defendant’s share of the item in dispute was $253.19. As a result of the dispute, plaintiff filed a Rule to Tax Costs. This rule was heard on July 31, 1964. The testimony heard on the trial of the rule was not transcribed. Judgment was rendered in favor of plaintiff making the rule absolute and taxing the surveyor’s charge in question as costs, payable under the terms of the judgment. Counsel for defendant perfected a suspensive appeal from this judgment.
Plaintiff filed a motion to dismiss this appeal on the basis that the record presented had neither a transcript of the testimony heard nor a statement of facts, as required by Article 2131 of the LSA-Code of Civil Procedure, and that the record was incomplete. This matter was heard and the motion was denied on the basis that the motion was filed too late.
On appeal, counsel for defendant makes several contentions concerning the testimo *206 ny heard on the trial of the rule. She discusses this testimony at length and relies heavily upon certain portions of it.
The crux of this case, as presented, is not the merits of defendant’s opposition to plaintiff’s rule. Instead it is whether or not defendant has a right to have the record of the testimony heard on the trial of the rule reduced to writing, in some manner, and presented to this appellate court. It is impossible for this court to make a determination, on the merits, as regards the issues raised by defendant’s counsel on the basis of the scanty record presented. The statements made in defendant’s appellate brief are not a proper substitute for a transcript of the testimony in question.
Three Articles in the LSA-Code of Civil Procedure control the question, thus presented, to wit:
“Art. 2130. Record on appeal; statement of facts.
“A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131.”
“Art. 2131. Same; narrative of facts.
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.”
“Art. 2132. Same; correction.
“A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.”
Counsel for defendant made the following statement concerning her efforts to complete the record of these proceedings while her appeal was in progress:
“When appellant’s counsel removed the record from the Court of Appeal in order to have it completed, a request was made on the trial judge to submit a narrative of fact. A second letter of request was forwarded several weeks later. To date, counsel nor appellant has received any acknowledgement from the Honorable John R. Rarick, Judge of the 20th Judicial District Court, concerning the said narrative.”
Clearly, defendant’s counsel did not avail herself of her first right under LSA-Code of Civil Procedure Article 2130, quoted at length supra. This was to require the Clerk of Court to take down the testimony in writing. The parties did not agree on a narrative of facts as provided for in the same article. Counsel for defendant, as shown by her own statement in her appellate brief, failed to obtain a statement of facts from the trial court under the provisions of LSA-Code of Civil Procedure Article 2131.
Under the provisions of Article 2132 of the LSA-Code of Civil Procedure, quoted supra, this court could have a portion of the record sent up on appeal on its own motion. However, there has been no transcript made of the testimony, no narrative of facts made by opposing counsel, and no statement of facts from the Trial Court secured prior to the lodging of the proceedings in the Court of Appeal. Harvin v. Blackman, 108 La. 426, 32 So. 452; Theus v. Kemp, 49 La.Ann. 1650, 22 So. 962; Davis v. Ungerman, La.App., 150 So. 401.
*207 Also, we find under “Official Revision Comment to Arts. 2130 and 2131” the following:
“Arts. 2130 and 2131, herein, are a consolidation of the systems set up by-Arts. 601-603 of the 1870 Code of Practice, with the distinction, under the articles of this Code, that the trial court judge may make a narrative of the facts at any time prior to the lodging of the record in the appellate court. Under the 1870 Code the judge lost jurisdiction to settle the narrative of facts as soon as the appeal was perfected. Davis v. Ungerman, 150 So. 401 (La.App.1933). Cf. Comment (c), Art. 2125, supra.”
Accordingly, the judgment of the trial court is affirmed.
Affirmed.