### JOHNSTON *vs.* BAGLEY ET AL.

APPEAL FROM THE COURT OF THE THIRD DISTRICT.

If the reconvenor urges the trial of his suit simultaneously with the original action, both ought to be tried together.

Where evidence is admitted in the court below, which could have had no relation to any matter except the plea in reconvention, and which is not noticed, the reconvener is on that ground entitled to a new trial.

MATHEWS, J., delivered the opinion of the court.

This suit is instituted on a contract, by which the defendants agreed to pay certain sums of money to the plaintiff, in five annual instalments of one thousand two hundred and thirty-five dollars and fifteen cents each. After the first of these instalments became due, on the 14th of February, 1832, the

present action was commenced to recover that amount, and to obtain a decree that the security which had been promised in the contract of lease and sale, should be given by the defendants, in a time to be allowed by the court, or that damages should be adjudged to the plaintiff, &c.

The defendants pleaded a tender by them made to the plaintiff, of the sum of eight hundred dollars, the amount of rent due up to the 14th of February, 1832, and an offer to pay the balance of the sum claimed, four hundred and thirty-five dollars and fifteen cents. They further plead in reconvention, alleging that they have been evicted from the premises leased, and thereby suffered damages to the amount of five thousand dollars, &c.

The cause was submitted to a jury in the court below, who found a verdict in favor of the plaintiff, for one thousand two hundred and thirty-five dollars and fifteen cents, with interest and costs; and judgement being rendered in conformity with the verdict, the defendants appealed.

The correctness of the verdict and judgement thus rendered is contested, on the ground that no notice was taken of or decision made on the claim in reconvention. A claim in reconvention may be considered as a suit distinct from that in which it is pleaded, and perhaps separate and distinct judgements may be rendered, both on the original claim and on that pleaded in reconvention. But if the reconvenor urges the trial of his suit simultaneously with the original action, the causes ought regularly to proceed in this manner. In the present case, evidence was offered and received in the court below, which could have relation to no other circumstance in the case except the plea in reconvention. This evidence, and all the allegations made by the defendants in support of their claim, were not noticed in any manner by the jury or the judge. In an application for a new trial, which was made in the District Court, this neglect to decide on the defendants' claim was laid as a ground, amongst others, on which the new trial ought to have been granted. We are of opinion that the judge *a quo* erred in overruling the motion of the defendants;

If the reconvenor urges the trial of his suit simultaneously with the original action, both ought to be tried together.

Where evidence is admit-

believing, as we do, that the most regular mode of proceeding would have been to require the jury to pass, at the same time, both on the original claim and that set up in reconvention. It was evidenty not the fault of the defendants, that their claim was not decided on, and they ought not to suffer or run the risk of suffering injury, by the error of the court.

It is, therefore, ordered, adjudged, and decreed, that the verdict of the jury be set aside, and the judgement of the District Court be avoided, reversed, and annulled: and it is further ordered, that the case be sent back to said court, to be tried *de novo*, with instructions to cause the suit or plea in reconvention to be tried simultaneously with the original action; the appellee paying the costs of this appeal.

*Eastern Dis.*
*August, 1832.*

ted in the court below, which could have had no relation to any matter except the plea in reconvention, and which is not noticed, the reconvenor is on that ground entitled to a new trial.