BAILEY his own land to the injury of his neighbors. "*Sic debore*
*vs.*
SMITH. *quem meliorem agrum facere, ne vicini deteriorem faciat.*"
*Digest, law* 1, *section* 4.

---

### BAILEY *vs.* SMITH.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE
PARISH OF RAPIDES, THE JUDGE THEREOF PRESIDING.

Where the plaintiff's death was suggested, after issue joined, and an order
of revival was made in the name of his widow, who was his administra-

·trix, and his legal representative, which order was duly served by the sheriff : *Held*, that there was no need of citation to issue, as the representative had full notice of the suit.

If the plaintiff dies after issue joined, a citation is unnecessary, as that would be the commencement of a suit, which does not abate in this case. No judgment by default is required, because issue was already joined.

The demand of the plaintiff, and the plea in reconvention, should be determined by the same judgment ; so, where the plaintiff dies after a reconventional demand is put in by the defendant, the case will not be transferred on that account to the Probate Court, but may be acted upon partly as compensation in reducing the plaintiff's claim, and partly as a judgment against him in reconvention.

This is an action to recover the price of a house and lot, which the plaintiff alleges he sold to the defendant, for the sum of four hundred and seventy dollars, with ten per cent. interest, from the 18th October, 1831. The interest to be paid by annual instalments, and the principal at the option of the purchaser, but the vendor retaining his mortgage until payment.

He further shows, that Smith has absconded from the state, and left no known agent; wherefore, he prays that a curator *ad hoc*, be appointed to represent said absentee ; that he have judgment for the sum of four hundred and seventy dollars, with the interest due thereon, and that said property be seized and sold to pay the same.

The curator *ad hoc* pleaded a general denial ; and he further avers, that there was on said lot, a very commodious house, which was worth seven or eight hundred dollars, and which would have rented for twenty dollars per month ; but that after Smith had left this parish, the plaintiff illegally and violently entered upon said lot, and sold and caused the house to be pulled down and carried off, which was the property of the defendant, to his injury and damage, two thousand dollars, which he pleads in reconvention ; and prays that he may be quieted in his possession and title to

the said lot of ground, and have judgment against the plaintiff for two thousand dollars. After the cause was thus at issue, Bailey died. At the November term, 1836, the death of the plaintiff being suggested, it was ordered that this suit be revived in the name of the heirs and legal representatives.

A copy of this order was served on Mrs. C. B. Bailey, the widow of the plaintiff, and administratrix of his estate.

In this situation the cause remained until April term, 1838, when it was called for trial. It was submitted to a jury, who, on the evidence before them, returned a verdict for the defendant, and also allowing him two' hundred and thirty dollars damages in reconvention. The administratrix, by her counsel, then for the first time appeared and filed a motion for a new trial, and in arrest of judgment, on the ground, to wit : that since the institution of this suit the plaintiff had died, and that she is duly appointed administratrix of his estate, but has never made herself a party to the suit, nor has his heirs, in the manner required by law ; and that the case has been tried without any issue between the plaintiff's legal representatives, and the defendant, who has obtained a verdict for damages in reconvention. She prays that a new trial be granted, in order that she may legally become a party. This motion was overruled. Judgment was rendered confirming the verdict, from which the administratrix appealed.

*Dunbar*, for the appellant, contended, that there was error on the face of the proceedings. The widow and heirs were never cited in and made parties to the suit, nor was any issue made up as against them, nor judgment by default taken.

2. The judgment is erroneous as being rendered without proper parties, and should be reversed, and the case remanded for a new trial.

*Elgee*, for the defendant, insisted, that the order of revival was made in the usual manner, and had been duly served by

the sheriff on the administratrix of the deceased. *Code of Practice,* 120.

2. When a party dies after issue joined, the suit does not abate, and it is not necessary to recommence the action. No citation is then necessary to bring the representative of the deceased plaintiff into court. Notice of the order of revival is sufficient. *Code of Practice,* 361.

*Martin, J.,* delivered the opinion of the court.

The plaintiff sues for the price of a lot of ground, and on his suggestion that the defendant was an absentee, a curator *ad hoc* was appointed to defend him. The answer of the curator *ad hoc* states, that Smith, the defendant, repaired a dwelling house on the lot, and that the plaintiff, in his absence, entered on the premises and sold the house, which was worth more than the price for which the lot had been sold.

The general issue was also pleaded, and the answer concluded by a plea in reconvention for damages occasioned by the unlawful conduct of the plaintiff, in thus entering on the premises and disposing of the house.

The plaintiff having died, and the administration of his succession being committed to his widow, she was made a party to the suit. There was a verdict and judgment for the defendant who was quieted in his possession, and two hundred and thirty dollars were allowed him on his plea of reconvention. The administratrix appealed.

Her counsel assigns as error, on the face of the record, that judgment was rendered against her without citation, and when there had been no judgment by default, and when no revival of the suit after the death of the plaintiff, in the name of his heirs and legal representatives had been legally ordered and carried into effect.

At the November term, 1836, of the District Court, the death of the plaintiff having been suggested, it was ordered that this suit be revived in the name of his heirs and legal representatives. A copy of this order was served on the administratrix, by the sheriff.

WESTERN DIST.
Oct. 1838.

BAILEY
vs.
SMITH.

Where the plaintiff's death was suggested after issue joined, and an order of revival was made in the name of his widow, who was administratrix and his legal representative, which order was duly served by the sheriff: *Held,* that there was no need of citation to issue, as the representative had full notice of the suit.

If the plaintiff dies after issue joined, a citation is unnecessary, as that would be the commencement of a suit, which does not abate in this case. No judgment by default is required because issue was already joined.

The demand of the plaintiff and the plea in reconvention, should be determined by the same judgment: so, where the plaintiff dies after a reconventional demand is put in by the defendant, the case will not be transferred on that account to the probate court, but may be acted upon partly as

When the cause was called at the April term, 1838, for trial, and after the jury brought in their verdict, the administratrix, who does not appear to have been in court before, appeared and moved for a new trial, on the ground that she had not made herself a party to the suit, and that it had been tried without any issue having been made between herself as administratrix, and the defendant.

The record shows, that an order was made for the revival of the suit, which was served on the administratrix, who was the legal representative of the deceased. There was no need of a citation, for the deceased was the plaintiff, and the representative was brought in, in that capacity. It was sufficient that she had notice of the suit, and of the order of revival. The citation is the commencement of a suit ; and the Code of Practice, article 361, expressly provides, that " if, after issue joined, either the plaintiff or defendant dies, it is not necessary to re-commence the action." No judgment by default was necessary, because issue was already joined.

On the merits, nothing shows that the verdict of the jury ought to be disturbed. We have doubted whether that part of the case which relates to the reconventional demand, ought not to have been transferred to the Court of Probates, on the death of the original plaintiff, whose estate was in a course of administration in that court. The original defendant had become plaintiff in the reconvention, and raised a claim for money against the estate, of which the Court of Probates has exclusive jurisdiction. We have considered that the Code of Practice requires that the demand of the plaintiff and plea of reconvention, should be determined by the same judgment ; and that in the present case, the reconvention was offered, and acted upon by the jury, partly as a compensation reducing the claim of the plaintiff, and partly as a demand for judgment against him for the balance. The plea of reconvention was properly acted upon in the District Court, as a matter of compensation, and so far, could not have been transferred to the Court of Probates. It would have been incongruous to split the reconvention into two parts, to be acted upon in two courts. This reason,

added to the requisitions of the Code of Practice, that there <span>Western Dist.</span>
should be but one judgment on the original demand and the <span>*Oct.* 1858.</span>
reconvention, has led us to the conclusion, that the District <span>State of La.</span>
Court correctly acted on both.                               <span>*vs.*</span>
                                                             <span>Norment et al.</span>

It is, therefore, ordered, adjudged and decreed, that the <span>compensation in reducing the plaintiff's claim,</span>
judgment of the District Court be affirmed, with costs. <span>and partly as a judgmentagainst him in reconvention.</span>