### John S. Spencer *v.* Thomas and Charlotte Banister.

Where in a suit to enjoin a seizure of property as illegal and to recover damages, the judgment maintaining the injunction is silent as to damages, it is equivalent to a rejection of the claim for damages, and will sustain the plea of *res judicata* in a subsequent suit for damages.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

*S. L. Wooldridge*, for plaintiff. *Durant & Hornor*, for defendants and appellants.

BUCHANAN, J. The plaintiff having hired a house of the defendant, *Charlotte Banister*, at the rent of seventy-five dollars per month, payable monthly, became indebted in two months rent, which he neglected to pay; and defendant sued out a writ of provisional seizure in the Fourth District Court of New Orleans. Plaintiff, by a separate action in the same court, enjoined the execution of the writ of provisional seizure, on the ground that the Sheriff had seized and taken into possession under the same, the instruments, tools and furniture necessary for the carrying on of his profession, also of his bed and bedding, &c., all which plaintiff alleged were exempt by law from seizure; wherefore he prayed that the injunction be perpetuated, and for damages in the sum of five hundred dollars against said *Charlotte Banister*, for the illegal seizure. After hearing evidence upon this petition, the Fourth District Court rendered, on the 23d of April, 1855, the following judgment:

"It is adjudged and decreed, that the injunction be maintained, so far as the same applies to the articles above mentioned, and that the said injunction be dissolved and dismissed as regards any other articles seized, the plaintiff paying costs of suit."

It will be observed, that this judgment, although it partially perpetuates the injunction, awards no damages as claimed. On the 15th of May, 1855, being eighteen days after the signature of the judgment of the Fourth District Court just recited, the plaintiff brought the present action in the Sixth District Court of New Orleans, claiming three thousand dollars damages for an illegal seizure of his bed and bedding, and the tools and implements by which plaintiff gains a livelihood, "which by law are exempt from seizure and sale."

The seizure mentioned in this petition, is the same which was the subject of the injunction in the Fourth District Court. The plea of *res judicata* put in by the defendant, *Charlotte Banister*, to the present action, should have been maintained by the court below. The silence of the judgment of the Fourth District Court upon the plaintiff's claim for damages for the same seizure, was equivalent to a rejection of that claim. *Delahaye* v. *Pellerin*, 2 Mart. 142; *Robertson* v. *Penn*, 2 La. 61; *Williams* v. *Painpade*, decided in December, 1855, and not reported. See Opinion Book 25, p. 463.

The difference in the amount of damages claimed in the present action, from that previously claimed, is of no consequence. The cause of action is substantially the same; an illegal seizure of effects exempted by law from seizure.

As to the defendant, *Thomas Banister*, he seems to have merely appeared in the suit for rent, to assist and authorize his wife, for whose behoof alone judgment was prayed, and who made the affidavit for the provisional seizure.

Judgment reversed, and judgment for defendants, with costs in both courts.