Barrimore vs. McFeely.

No. 6283.

MRS. M. R. BARRIMORE VS. JAMES MCFEELY.                    32 1179
                                                           52 602

.An action for damages resulting from a provisional seizure of furniture in a suit for rent, (in
    which it was decided that, the rent sued for, had been paid), needs not contain the allega-
    tion of malice or want of probable cause.
'Such an action is not based upon the suit for rent but upon the wrongful use of the writ of
    provisional seizure.
This writ having been set aside by a court of last resort it is *prima facie* established that said
    writ had been wrongfully issued and that damage was inflicted on the party whose prop-
    erty was seized.
'This party is entitled only to the actual damage suffered by him, directly from the seizure of
    his furniture.
But for the want of care taken of the furniture whilst in charge of the constable, this officer
    is liable and not the plaintiff in provisional seizure.

APPEAL from the Fourth District Court, parish of Orleans.   *Lynch*, J.

F. C. Zacharie for Plaintiff and Appellee.

T. Gilmore & Sons for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.    Plaintiff sues for ten thousand dollars as damages alleged
to have been caused to her by the act of defendant in suing out and exe-
cuting a writ of provisional seizure against her movable effects in a
house which she was then occupying and renting from the de-
fendant.

She alleges that being indebted to defendant for the rent of April,
1872, in the sum of $26, and wishing to meet the the current rent of May,
of the same year, not yet due, she tendered to defendant a city school
certificate for $55, of market value of $44, which the defendant re-
tained in his possession an unreasonable length of time, and that before
returning the same to her he brought suit against her in a justice's
·court, accompanied by a provisional seizure of her furniture, and that
on a plea of payment, a final judgment was rendered on appeal by the
Third District Court of the parish of Orleans, rejecting plaintiff's demand
and setting aside his provisional seizure.

She alleges that she suffered the damages claimed through the
wrongful acts of the defendant, by expenses necessarily incurred in her
defense, by the deprivation of the use of her furniture, by damage to her
feelings and to her health, and by injury done to her character and
credit by the statements of defendant, in charging that she would not
pay her rents or debts without compulsion by judicial process.

The case was tried by a jury, who found a verdict of $150 in her
favor, and the present appeal is taken by the defendant from a judgment
rendered conformably to the verdict.    Plaintiff also complains of the
verdict and the judgment, and prays for an amendment increasing the

amount of damages allowed her to two thousand five hundred dollars.

Defendant excepted to plaintiff's petition on two grounds : .

1st.   That an action in damages for slander could not be cumulated with one for malicious prosecution.

2d.   That the petition disclosed no cause of action in failing to allege that defendant's action for rent, accompanied by provisional seizure, had been instituted with malice and without probable cause.

The exception was properly overruled by the District Judge.

The action in damages is not on a bond, and plaintiff can urge damages caused by the wrongful acts of the defendant either by judicial process or by words spoken, and is intimately connected with the subject-matter of his suit for rent.   As no evidence was introduced in support of the charge of slander on the trial of the cause, we understand that defendant virtually abandons that ground of his exception, and that this particular alleged cause of action is, therefore, eliminated from this case.

The reasons urged and the authorities quoted by defendant in support of his second ground of exception apply with great force to actions in damages for malicious prosecutions or groundless law-suits, and would utterly annihilate this cause if the damages claimed were predicated upon McFeely's judicial demand for his rent.   In that case it would have been incumbent on plaintiff to allege and eventually prove malice or want of probable cause, in default of which allegation an exception of no cause of action would necessarily prevail.   But plaintiff relies for recovery on the alleged wrongful use and application of the summary remedy of provisional seizure.   A marked distinction exists, and must be made, between McFeely's suit at law for the recovery of his rent and the summary remedy which he thought fit to invoke in aid of his main action.

If the object of this suit was to hold him in damages for suing for rent, which was on trial proven to have been paid, and on the ground therefore that his suit was malicious and without probable cause, the action could not be maintained in the absence of such averments.   The law looks with favor on the efforts of parties who invoke the aid of courts for the vindication of rights or for the recovery of property, and does not tolerate that the unsuccessful litigant should be punished in damages unless it be in cases where his acts are alleged and proven to have been prompted by malice or unsupported by probable cause.

But a different rule applies to litigants who invoke the use of any of the summary remedies created by law for the preservation of rights in extraordinary cases, and under which a party may be forbidden to perform certain acts, or when property may be wrested from his possession pending the main suit, such as the writs of provisional seizure, attachment, sequestration, injunction, etc.

Parties who wish to wield these powerful weapons of the law against their adversaries, do so at their own risk and peril, and are fairly warned that the law frowns down the improper use of such arms. 11 M. 284; 3 L. 291, 103; 6 L. 271; 13 A. 214.

In regard to the writ which is alleged to have been improperly used in this case, the law carefully conditions its use by holding the party invoking its application personally responsible in damages in case it shall have been wrongfully obtained. C. P. art. 295.

In the case of Steward vs. Sanneborn, 8 Otto 287, which is strenuously urged upon us by defendant, the rule laid down is applied to an alleged malicious prosecution under the bankrupt law, and it presents a case where Steward had filed, as an alleged creditor, an ordinary suit at law, which was dismissed because he failed to prove that he was a creditor, and in which it was correctly held that the essence of the suit in damages was in the proof of malice or want of probable cause.

In the present case, plaintiff alleges that the writ was set aside by the final dismissal of McFeely's suit, and under our jurisprudence when the summary remedy is set aside it is a *prima facie* evidence that it was wrongfully issued, and that damage to some extent was sustained ; and it was, therefore, unnecessary to allege malice or want of probable cause.

## ON THE MERITS.

The record shows that final judgment was rendered in favor of Mrs. Barrimore, supporting her plea of payment of the rent claimed of her at the rate of $26 a month for April and May, 1872 ; and under such a judgment the conclusion is inevitable that the writ of provisional seizure was decided to have been wrongfully obtained. On this issue the judgment is conclusive, and though we may differ with the District Judge in his conclusion that the plea of payment of $52 was supported by proof of tender to the creditor of a voucher for a face value of $55, but of a market value of at most $44, yet we are powerless to revise his judgment, which is *res judicata* in the premises, and fixes, under the rules of law hereinabove considered, a liability for damages on the party suing out the writ of provisional seizure.

But the want of malice and the eminently probable cause, which characterized the cause of McFeely, are proper subjects of consideration in the measure of damages which should be allowed to plaintiff in this cause.

The record teems with evidence showing want of malice in him in his legal efforts to recover his suit ; his only fault consisting in the retention of the voucher which he had not accepted in settlement of his claim. But under the stern rule of law, and the final judgment of the Third District Court, he must be held liable for the actual damages

76

suffered by the defendant in the suit for rent, and caused by the provisional seizure of her furniture ; and in our opinion those damages consist of the fees of the attorney employed for her defense under the writ and of the deprivation of the use of her furniture. We do not think that he is responsible for the damages caused to the property seized by being improperly stored.

These are the acts of the constable, for which he is responsible personally and under his official bond. It was his bounden legal duty to take proper care of the furniture while in his custody, and the seizing creditor, who is not shown to have directed or otherwise interfered with the officer in the discharge of his duty, cannot be held liable for damages caused to the furniture through the negligence, recklessness or other illegal acts of the constable.

The jury fixed the damages sustained by Mrs. Barrimore at one hundred and fifty dollars, without specifying in detail the basis of their finding. We are, therefore, unable to ascertain what particular elements of damages were considered by them as affecting their verdict.

But even if they confined their investigation to the expenses incurred by plaintiff in her defense, and to the deprivation of the use of her furniture, we conclude that they have done substantial justice between the parties, and the evidence, which we have carefully considered, does not authorize us to disturb their verdict.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.