O’NIELL, C. J.
The plaintiff has appealed from a judgment rejecting her demand for damages. She claims that she suffered $8,000 damages by a provisional seizure of her household furniture and effects. She contends that the seizure was unlawful, wanton, and malicious, and that it destroyed her business as keeper of a boarding and lodging house.
Plaintiff rented from James C. Brown the house which she used as a boarding and lodging house. She was in arrears for two months’ rent, at $75 a month, when Brown sued her and had her houséhold furniture and effects provisionally seized. In order to bring his suit within the jurisdiction of the justice of the peace, whose tribunal was more convenient than the district court, Brown sued for only $100. Answering the suit, Mrs. Gray admitted that 'she owed Brown $150 rent, but averred that he owed her $219 for board and room rent. She prayed for a judgment for the alleged balance in her favor, $69, and for $15 damages for an attorney’s fee for having to dissolve the writ of provisional seizure; and, in a supplemental answer, she claimed additional damages to the amount of $37.50 for,an alleged loss of rent of 5 beds at $10 a month, for the 21 days when they were under seizure.
The justice of the peace gave Mrs. Gray judgment for the $69 balance claimed in her reconventional demand, and for the attor *740 ney’s fee of $15, but ignored her claim for the alleged loss of rent of the 5 beds. His honor ordered the provisional seizure dissolved ; and we assume that his reason was that he had concluded that Mrs. Gray was not in debt to Brown when he sued her. Brown paid the judgment without appealing from it.
Thereafter Brown died and this suit was brought against his widow, as executrix of his estate.
We concur in the opinion of the district judge that appellant’s claim for damages was foreclosed and settled by the proceedings had before the justice of the peace. By her reeonventional demand, the defendant in the suit, appellant in this court, unreservedly fixed the maximum amount of damages which she had suffered, and without reserve she accepted the amount of the judgment rendered in her favor, and thereby acquiesced in it.
The learned counsel for appellant argue that the claim which they are now urging is a separate and distinct element of damages, which should not be confused with the elements of damages that were claimed in the reeonventional demand before the justice of the peace. It is argued that the damages that were claimed in the reconventional demand, and partly allowed, resulted from the dissolving of the writ of provisional seizure; whereas the damages now claimed resulted from the levying of the writ. There is no such classification of the elements or items of damage. The cause of action for any or all of the damages suffered by appellant — and the only cause of action, for that matter — was the unlawful levying of the writ of provisional seizure. The expense incurred in dissolving the writ was merely an element or an item of the damages suffered.
Aside from the defense which we have sustained, there is no merit in appellant’s suit. She rented the house by the month, and was therefore subject to notice to vacate at the end of any month. When the justice of the peace pronounced judgment in her favor, Brown formally notified her to vacate the premises; and she did promptly vacate. It was then, and not until then, that some of her boarders or lodgers quit patronizing her. According to the evidence, her business was not seriously affected — if affected at all — by the provisional seizure. The furniture was left in the house, and its use was not forbidden. There were as many boarders and lodgers in the house when the seizure was released as there had been when it was levied.
The judgment is affirmed, at appellant’s cost.