## HEMPERLY v. GEORGE SLIMAN & CO. et al.*

### No. 1716.

Court of Appeal of Louisiana. First Circuit.

June 9, 1937.

*Rehearing denied 175 So. 767.

Dickson & Denny, of Shreveport, for appellant.

Woosley & Cavanaugh, of Leesville, for appellees.

DORE, Judge.

The defendant George Sliman & Co. obtained a judgment against R. T. Hemperly, the father of plaintiff herein, on October 17, 1930, for something over $753, subject to certain credits. Under a writ of fi. fa. issued on said judgment from the district court of Vernon parish, there was seized in the parish of Beauregard, on August 23, 1935, a certain piece of real estate and store building standing in the name of plaintiff herein; and, also by garnishment process, there was seized the sum of $490 on deposit in the City Savings Bank & Trust Company of Deridder, in the name of R. T. Hemperly.

The present plaintiff, R. F. Hemperly, filed an intervention and third opposition in that proceeding, claiming the ownership of the real estate seized and also the money on deposit in said bank. Plaintiff as third opponent in that seizure also claimed that he had been damaged by the illegal seizure of his property in the sum of $600 plus $2 per day from the date of the seizure. He itemized the damages which he claimed in his third opposition as follows: $2 per day for loss of earnings from his store located on the real estate seized, his business being stopped by reason of the seizure of the money with which to operate the store; $500 for the loss of trade in said store, and $100 for attorneys' fees incurred in setting aside the illegal seizure of his property.

The seizing judgment creditor in that suit, defendant here, released the real estate from the seizure, and the opposition went to trial on the question of the ownership of the money on deposit in the bank. The trial court rendered a judgment sustaining the opposition of plaintiff as to said funds amounting to $490, and decreed plaintiff to be the owner of same and ordered the bank to turn this money over to the third opponent, the plaintiff here. No mention was made in the judgment of the damages claimed on account of the illegal seizure. On appeal to this court the judgment was affirmed. Sliman & Co. v. Hemperly, 168 So. 718.

In the present suit the plaintiff is claiming damages on account of said illegal seizure in the sum of $225.40, made up of the following items: Interest for ten months at 5 per cent. on the $490 by reason of being deprived of the use of said money for that

time, the sum of $20.40; attorney's fees incurred in setting aside the seizure and expenses of the attorney, $135; and $10 expenses incurred by plaintiff in attending court; attorney's fees and expenses of the attorney in securing release of the real estate and store, the sum of $60—a total of $225.40.

Defendants filed a plea of res adjudicata to this suit on the ground that the claim for damages here asserted is the same cause of action, between the same parties, and presenting the same issues as were presented in the claim for damages in the intervention, and third opposition filed against the seizure in which opposition the claim for damages were disallowed. The court sustained the plea and dismissed plaintiff's suit, from which judgment of dismissal plaintiff has appealed.

In order to constitute the thing adjudged under article 2286 of the Civil Code, the thing demanded must be the same, the demand must be founded on the same cause of action, and the demand must be between the same parties, formed by them against each other in the same quality. The demand of the plaintiff in this case is certainly founded on the same cause of action as was his claim for damages in the third opposition, viz., the wrongful seizure of his property. The suit is between the same parties as in the former suit and involves a demand formed between them in the same quality. Is the object of the demand the same, or is the same thing demanded in this suit as was demanded in the former opposition?

The thing demanded in the former suit, in addition to recognition of ownership of the property seized, was the damage caused the plaintiff, the owner of the property, by reason of the wrongful seizure. The thing demanded in this suit is likewise the damage caused the plaintiff by the same illegal seizure. The fact that the claim for damages in the former suit did not include all the items of damage asserted in the present suit is of no importance, as the sole cause of action in both suits is based on the one illegal seizure; and plaintiff cannot split the items of damage and recover part of the damage in one suit and another part in another suit. Gray v. Succession of Brown, 155 La. 737, 99 So. 581.

While the judgment rendered in the former suit sustained plaintiff's opposition did not specially dismiss the claim of plaintiff for damages on account of the illegal seizure, yet the silence of the judgment on that part of plaintiff's opposition was equivalent to a rejection of the claim for damages therein asserted, and such rejection will serve to support the plea of res adjudicata. Spencer v. Banister, 12 La.Ann. 766; Edenborn et al. v. Blacksher et al., 148 La. 296, 86 So. 817.

Plaintiff did not appeal from that part of the judgment in the former suit which by its silence rejected his claim for damages, nor did he ask for an amendment of the judgment on appeal to allow his claim for damages. That judgment is final and serves as the basis for the plea of res adjudicata in this case. The trial judge was correct in sustaining the plea.

For these reasons, the judgment appealed from is affirmed.