"Every obligation gives, impliedly, a right of action to enforce its execution." Code Prac. art. 14.

■ In the briefs filed by defendants it is stated that the exceptions of no cause of action were based, in part, upon the failure of plaintiff to allege that he paid the delay rentals to all the lessors; the name of Dianah Kennon Franks, one of the lessors, being qmitted. This gives rise to the contention that if the lease was not in effect as to one of the lessors, it was not in effect as to the others. We have already stated that we took notice of the fact that plaintiff did not allege that he paid or tendered to Dianah Kennon Franks the delay rental in 1936, but did allege that the reason for not making payment or tender to her was that she had authorized him to make such payments to the other four lessors. This allegation, we think, saves the petition from the attack made upon it in this respect.

■ Plaintiff's petition, in so far as it is a demand or action to have his lease judicially recognized, sets out a cause of action. The same, however, cannot be said as to his further demand that the second or Vaughn lease be canceled. If plaintiff's lease is still in full force and effect, the second or subsequent lease cannot affect his rights. The landowners granted to each of the lessees identical rights, which rights cannot exist simultaneously in favor of two different persons. If plaintiff's lease is yet in effect, the rights granted by it necessarily prime similar rights attempted to be granted under the second lease, because cf its prior date and recordation in the conveyance records.

■ The rule that, if a petition sets out a cause of action as to any point, it will not be dismissed on exception of no cause of action, is well recognized.

For the reasons assigned the judgment sustaining the exception of no cause of action and dismissing plaintiff's suit against the lessors to have his lease recognized is reversed and set aside. It is affirmed in so far as the Vaughn Drilling Company is concerned; and it is now ordered that the exceptions filed by the lessors be and are overruled, and that the case be remanded and reinstated on the docket of the Twenty-Sixth judicial district court for the parish of Webster, to be there proceeded with

according to law and the views herein expressed. Costs of this appeal are to be paid by appellants and all other costs to await final results.

## HEMPERLY v. GEORGE SLIMAN & CO.

### No. 1716.

Court of Appeal of Louisiana. First · Circuit.

July 30, 1937.

For former opinion, see 174 So. 673.

Dickson & Denny, of Shreveport, for appellant.

Woosley & Cavanaugh, of Leesville, for appellees.

PER CURIAM.

It is claimed on application for a rehearing that the minutes of the trial court show that intervener and third opponent, R. F. Hemperly, took a nonsuit as to that part of his claim for damages, and therefore the plea of res adjudicata was improperly sustained in his second suit for damages against the above defendants. The issues in the present suit are stated in our opinion where we affirmed the judgment of the trial court sustaining a plea of res adjudicata to the claim for

damages arising out of the alleged illegal seizure of plaintiff's property by the defendant company under a judgment against plaintiff's father. 174 So. 673.

There are two extracts of the minutes of the lower court in the record bearing date October 4, 1935. The first of these entries shows that on that day the exception filed by Sliman & Co. to the jurisdiction of the court on the intervention and third opposition was overruled; that on motion of counsel for intervener the fixing was set aside; answer to intervention filed and by agreement fixed for that day; that the garnishee filed answer to intervention and the case was taken up and evidence adduced and submitted; that judgment was rendered in favor of intervener, R. F. Hemperly, declaring him to be the owner of the $490 seized in the hands of the City Savings Bank & Trust Company.

The other minute entry in the record shows that on the same day the exception to the jurisdiction was taken up, argued, and overruled. On motion of counsel for intervener nonsuit had in part. In other respects this second entry shows about the same procedure as the first. The judgment rendered and signed on the same day, October 4, 1935, decrees as follows:

"For the foregoing reasons, the law and the evidence being in favor thereof, it is ordered, adjudged and decreed that there be judgment herein in favor of intervenor and against the original plaintiff overruling the exception filed by the original plaintiff. (Sliman and Company).

"It is further ordered, adjudged and decreed that the money seized in the City Savings' Bank & Trust Co. of DeRidder in the name of R. T. Hemperly is in fact the property of R. F. Hemperly, and accordingly there is judgment herein directing that the amount due by said bank, the sum of $490.00, to pay said money to R. F. Hemperly."

It was because of the fact that the judgment made no mention of the claim for damages set up by intervener in his opposition that we held the judgment, by its silence on this claim, rejected the same, and therefore served as the basis for the plea of res adjudicata in this second suit for damages arising out of the same alleged illegal seizure. We are now told in the application for rehearing that the above minute entry showing that on motion of counsel for intervener a nonsuit was had in part refers to a nonsuit by him on his claim for damages. In the briefs filed in this court no mention is made of a nonsuit having been entered by intervener in the first suit on his claim for damages, nor was any reference made to this minute entry claiming that it amounted to a nonsuit on the claim for damages.

We cannot assume that this nonsuit had in part referred to the claim set up by intervener for damages which he was claiming against Sliman & Co. for the alleged seizure of his property. On that day Sliman & Co. filed an answer to the intervention and third opposition of R. F. Hemperly in which the company admitted that he was the owner of the land and store fixtures which had been seized, and we have as much right to assume that this nonsuit in part by Hemperly had reference to his claim of ownership of the land and store fixtures as we have to assume that it referred to his claim for damages.

In any event, the judgment made no reference to his claim for damages nor did it dismiss that claim as in case of nonsuit, and we are therefore of the opinion that we were correct in holding that this judgment was equivalent to a rejection of the claim for damages and served as a basis for the plea of res adjudicata in this second suit.

For these reasons, the application for a rehearing is refused.