13 So.2d 283

FIRST NAT. BANK BLDG. CO., LIMITED, v. DICKSON & DENNY.

No. 36996.

March 8, 1943.

Rehearing Denied April 12, 1943.

Dickson & Denny, of Shreveport, for relators.

Love & Bailey, of Shreveport, for respondent.

ODOM, Justice.

The plaintiff is the owner of an office building in the City of Shreveport. The defendants, Donald C. Dickson and James A. Denny, are attorneys-at-law and practice under the firm name of Dickson & Denny.

Plaintiff alleged that it had leased space in its office building to defendants to be used by them in connection with their law practice; that defendants had defaulted in the payment of their rent, and that they were, at the time the suit was filed, indebted to plaintiff for rent in a sum exceeding $3,000. Plaintiff procured the issuance of a writ of provisional seizure, which was placed in the hands of the sheriff for execution. The sheriff seized all of the law books and all office furniture and equipment found in the leased premises. The defendants filed a motion to dissolve the seizure on the ground that all the property seized was exempt from seizure, being "the tools and instruments necessary for the exercising of their trade and profession as attorneys at law, by which your movers gain their living and that of their families".

The motion to dissolve was tried, and considerable testimony was taken. After the motion was tried and the evidence adduced, but before the trial judge had an opportunity to render his decision thereon, plaintiff, the seizing creditor, voluntarily released the seizure, permitted the defendants to retain possession of their law books and office equipment and furniture, and permitted defendants to con-

tinue to occupy the office space until the suit should be finally decided on its merits.

Thereafter, the defendants filed answer, coupled with a reconventional demand against the plaintiff for damages which they alleged they had sustained on account of the unlawful seizure of their property. They alleged that plaintiff in the original suit and defendant in reconvention had willfully and maliciously caused their property to be seized, with full knowledge that the seizure was unlawful.

Plaintiff in the main suit and defendant in reconvention filed an exception, alleging that the defendants in the main suit and plaintiffs in reconvention had no cause or right of action to recover damages for the provisional seizure of their property. This exception of no cause or right of action was sustained by the trial judge.

Thereupon, Dickson & Denny notified the trial judge that they expected to apply to the Supreme Court for writs, asked for time in which to prepare their application, and asked that further proceedings in the trial of the main suit be stayed pending their application. This request was refused by the trial judge, who ordered that the trial of the case on its merits be proceeded with.

Dickson & Denny applied to this court for writs, which were granted.

In their application for writs, Dickson & Denny alleged that the trial court had erred, first, in sustaining the exception of no cause or right of action to their reconventional demand, and, second, in not granting a stay of proceedings after no-

tice of their intention to apply to the Supreme Court for writs of certiorari, prohibition, and mandamus.

The first paragraph of Article 2705 of the Revised Civil Code reads as follows: "The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased."

Article 287 of the Code of Practice provides that: "When a lessor sues for rent, whether the same be due or not due, he may obtain the provisional seizure of such furniture or property as may be found in the house, or attached to the land, leased by him; and in all cases it shall be sufficient to entitle a lessor to said writ, to swear to the amount which he claims, whether due or not due, and that he has good reasons to believe that said lessee will remove the furniture or property on which he has a lien or privilege out of the premises, and that he may be thereby deprived of his lien."

The plaintiff in its suit against Dickson & Denny alleged that they were due it a sum in excess of $3,000 for rent, and that it had a lien and privilege "upon all the furniture, fixtures, law books and other property in said leased premises" to secure the full amount of the aforesaid indebtedness, and that it had "good reason to believe that said defendants will remove the furniture, fixtures, law books and other equipment on which it has said lessor's lien and privilege out of said premises and it may be deprived of said lien and privilege".

The plaintiff, therefore, followed the rules laid down in the Code for obtaining a writ of provisional seizure. But, merely because the Civil Code provides that a lessor has, for the payment of his rent and other obligations of the lease, "a right of pledge on the movable effects of the lessee, which are found on the property leased", and because the Code of Practice provides that, when the lessor sues for rent, "he may obtain the provisional seizure of such furniture or property as may be found in the house, or attached to the land, leased by him", it does not necessarily follow that the lessee whose property is seized has no cause or right of action to collect damages on account of such seizure. The Code of Practice specifically recognizes the right of the lessee to claim damages from the lessor in cases where the lessor makes wrongful use of the writ. Article 295 of the Code of Practice, which is found under the general heading "Of Provisional Seizure", reads as follows: "295. The plaintiff shall not be required to give security, in order to obtain the provisional seizure of the thing which he holds in pledge, or on which he has a privilege, in any of the cases mentioned above, but he shall be personally responsible for all damage suffered by the defendant, should the seizure have been wrongfully obtained."

And Article 375 of the Code of Practice contains the following clause: " * * * and provided further, that in all cases of arrest, attachment, sequestration, provisional seizure and injunction, the defendant may in the same suit, by re-conventional demand, recover from the plaintiff the damages he may have sustained by the illegal resort to such writ."

█ ▪ This court has repeatedly recognized the right of a lessee to collect damages from his lessor for the illegal or wrongful use of the writ of provisional seizure. Fox et al. v. McKee, 31 La.Ann. 67; Barrimore v. McFeely, 32 La.Ann. 1179; Cretin v. Levy, 37 La.Ann. 182; Ivers v. Ryan, 42 La.Ann. 32, 7 So. 61; Gray v. Succession of Brown, 155 La. 737, 99 So. 581.

Whether or not a landlord has made wrongful use of the writ of provisional seizure is a question which can be determined by the court only after hearing the facts and circumstances connected with, and relating to, the issuance of the writ.

█ In this case, the court sustained an exception of no cause or right of action to the defendants' reconventional demand, the effect of which ruling was to cut Dickson & Denny off from offering any testimony in support of their demand. We think this ruling was wrong.

Dickson & Denny alleged in their motion to dissolve the writ of provisional seizure that the writ was illegally issued and was therefore null and void, and in their reconventional demand alleged that the seizure was made willfully and maliciously.

█ As we have already stated, after evidence was heard on Dickson & Denny's motion to dissolve the writ of provisional seizure, and before the judge rendered his decision thereon, the plaintiff voluntarily

released the seizure. This does not prove, but it does strongly indicate, to say the least, that the seizing creditor anticipated that the judge would rule that the seizure of defendants' property was illegal. If the district judge had ruled against the plaintiff on this point and if the ruling had been sustained by a court of last resort, such ruling would have been prima facie evidence of the wrongful issuance of the writ, and the wrongful issuance of a writ of provisional seizure entitles the lessee to recover such damages as he may have sustained due to the unlawful seizure of his property. The judge should have overruled the exceptions and should have permitted plaintiffs in reconvention to offer such testimony as they could in support of their demands.

■ As to the second point raised by Dickson & Denny, which is that the judge erred in refusing to stay further proceedings in the case upon their notifying him that they expected to make application to the Supreme Court for writs, we think the judge did not err in this respect.

Article 863 of the Code of Practice provides that: "The mere service of the order to send up the record renders void every act which may have been subsequently performed by the judge to whom it was directed or by his order."

In State ex rel. Rivoire v. St. Paul, Judge, 104 La. 203, 28 So. 973, this court held that the effect of the service of a writ of certiorari on the trial judge is to render void every act subsequently performed by the judge to whom it was directed.

■ Clearly, therefore, mere notice to the district judge of a litigant's intention to apply for writs does not have the effect of staying further proceedings in that court. In case the litigant does apply to this court for writs and the writs are granted with stay order, the service upon the district judge of the order issued by this court does have the effect of nullifying all proceedings thereafter taken in the district court.

In support of their contention that the district judge was prohibited from proceeding further with the case, Dickson & Denny cite certain rules of this court and certain cases interpreting those rules. But those rules and the cited cases apply to applications for writs to review final decisions made by the Courts of Appeal.

■■ Counsel for respondent in their brief filed in this court argue that the writs were inadvertently issued, because Dickson & Denny had an adequate remedy by appeal. Ordinarily, when an exception of no cause or right of action is sustained by the trial judge, an appeal lies from such ruling, but in a case of this kind, where the reconventional demand is incidental to, and grows out of, the main demand, the two demands should be tried together, and the testimony introduced by the respective claimants should be introduced at one trial.

More than a century ago, this court said that a claim in reconvention may be considered as a suit distinct from that in which it is pleaded and that perhaps "separate and distinct judgments may be rendered, both

on the original claim and on that pleaded in reconvention". Johnston v. Bagley, 1832, 4 La. 333. And in the case of Kelly v. Caldwell, reported in the same volume at page 38, the court said: "It is not a consequence of a demand of this kind [in reconvention] that there must be a separate judgment on it, though there are many cases in which it is required".

In Bailey v. Smith, 12 La. 506, where a demand in reconvention was made, the court, speaking through Judge Martin, said that "the demand of the plaintiff and plea of reconvention, should be determined by the same judgment; and that in the present case, the reconvention was offered, and acted upon by the jury, partly as a compensation reducing the claim of the plaintiff, and partly as a demand for judgment against him for the balance".

In the case at bar, if it be conceded that defendants in the main demand and plaintiffs in reconvention did have a right of appeal from the judgment sustaining the exceptions of no cause or right of action, it cannot be said that an appeal would have afforded them an adequate remedy.

The cases should be tried together in order to afford the judge an opportunity, if he sees fit, to render one judgment, awarding to the plaintiff such amount as it is entitled to and to plaintiffs in reconvention such amount as they are able to prove as damages for the seizure of their property in case the seizure was wrongful, and to let the amount in damages, if any, stand as a credit against any amount for which plaintiff in the main demand may obtain judgment.

For the reasons assigned, the judgment sustaining the exceptions of no cause and no right of action is set aside, and it is ordered that the case be proceeded with in the district court in accordance with the views herein expressed.