CULPEPPER, Judge.
This suit commenced with a petition by General Electric Credit Corporation to foreclose by executory process on a chattel mortgage on a mobile home. The defendant, Louis Ray Smigura, filed a petition to enjoin the seizure and sale on the grounds that he was not delinquent in the monthly payments on the note secured by the chattel mortgage, and that the enforcement of the debt was therefore premature. Defendant also filed a reconventional demand for damages for the wrongful seizure of his mobile home.
On July 5, 1978, the defendant obtained a temporary restraining order prohibiting the sale of the mobile home by the sheriff. A hearing on the preliminary injunction and on the reconventional demand was held on July 25, 1978. The issue was whether the payments on the note were delinquent. After hearing evidence presented by both parties, the trial judge held the payments were not delinquent.
On August 1, 1978, a judgment was rendered holding the temporary restraining order was properly issued, which necessarily means the seizure was held wrongful. A preliminary injunction was granted prohibiting the sheriff from proceeding with the sale. The injunction was issued without bond under the provisions of LSA-C.C.P. Article 2753(2) that no bond is necessary where there has been a premature attempt to enforce a debt secured by a mortgage. There was no appeal from the judgment of August 1, 1978, although General Electric had a right to appeal from the granting of the preliminary injunction. LSA-C.C.P. Article 3612.
On August 30, 1978, a hearing was held on the amount of damages suffered by Smi-gura as a result of the wrongful seizure of his mobile home. On September 29, 1978, judgment was rendered awarding Smigura damages for wrongful seizure in the total sum of $3,180, of which $2,000 was for general damages, $180 was for special damages (rental of another home and storage of furniture, etc.) and $1,000 was for attorney’s fees. The plaintiff, General Electric Credit Corporation, appealed only the judgment of September 29, 1978.
On appeal, General Electric’s first argument, as we understand it, is that the judgment of September 29,1978, awarding damages for wrongful seizure is improper because there has never been a trial on the merits “of the main demand in this case.” In this connection, we note the record shows that on August 15, 1978, which was after the seizure was held to be wrongful on August 1, 1978, but before the August 30, 1978 hearing on damages, General Electric filed an amended petition converting its action to one by ordinary process and praying for judgment in the sum of $10,739 for the balance due on its note and for recognition of its lien under its chattel mortgage.
At the hearing on August 30, 1978, General Electric sought to have the court hear evidence on both its action by ordinary process as well as the question of damages for the wrongful seizure. The court refused to hear the action by ordinary process because the defendant Smigura had not filed an answer and was not prepared to *1365 defend the suit by ordinary process. Over General Electric’s objection, the court proceeded to hear only the issue of damages caused by the wrongful seizure.
We find no error in the procedure followed by the district court. Briefly reviewing the status of the matter on August 30,1978, General Electric had filed a suit to foreclose by executory process. The defendant Smigura had filed a petition to enjoin the sale coupled with a reconventional demand for damages for unlawful seizure. At the first hearing on July 25, 1978, the district court decided the note was not delinquent and that General Electric’s suit was therefore premature and the seizure was wrongful. The temporary restraining order was held to have been properly issued, and a preliminary injunction prohibiting the sale was issued. That judgment was not appealed. Instead, General Electric converted the suit on August 15,1978 to one by ordinary process.'
At the hearing on August 30, 1978, the trial judge clearly acted within his discretion in deciding to limit the hearing to the question of damages caused by the wrongful seizure. The reconventional demand is an action in tort, wrongful conversion, under LSA-C.C. Article 2315. It arises out of the original suit by General Electric to foreclose by executory process. It does not arise out of the new suit by ordinary process. General Electric filed an answer to both the demand for injunctive relief and to the reconventional demand, thereby putting both at issue. At the first hearing on July 25, 1978, both the demand for injunctive relief and the reconventional demand were heard, and the district judge decided that payments on the note were current, and that General Electric’s executory proceedings were therefore premature and the seizure was wrongful. The issue of damages for the wrongful seizure was set for trial on a later date, August 30, 1978. There was nothing improper in having separate hearings on the issue of whether the seizure was wrongful and the issue of damages resulting therefrom. And, this is not what General Electric objects to. As we understand it, General Electric’s principal contention is that damages cannot be awarded without a hearing on the merits of the permanent injunction. In a supplemental brief filed in this court, General Electric emphasizes the issue is: “Can damages be awarded the prevailing party following a judgment granting a preliminary injunction?”
As stated above, the facts are that after the seizure was held to be wrongful in the hearing on the preliminary injunction and on the reconventional demand, General Electric voluntarily abandoned its executo-ry proceeding, thereby releasing the seizure and permitting the return of the mobile home to Smigura. Thus, the permanent injunction became moot. Clearly, General Electric could not avoid damages for its tortious conversion by returning the seized property.
In First National Bank Building Co., Ltd. v. Dickson & Denny, 202 La. 970, 13 So.2d 283 (1943), the plaintiff lessor sued the defendant lessee for rent and procured a writ of provisional seizure. The lessee filed a motion to dissolve the writ on the grounds the seized properties were the tools of his profession as a lawyer and thus exempt from seizure. The motion was tried, but before the judge rendered a decision the lessor released the seizure. The lessee thereafter filed a reconventional demand for damages for unlawful seizure, to which the lessor filed an exception of no cause of action which the trial judge sustained. In a decision reversing the trial judge our Supreme Court stated:
[3] As we have already stated, after evidence was heard on Dickson & Denny’s motion to dissolve the writ of provisional seizure, and before the judge rendered his decision thereon, the plaintiff voluntarily released the seizure. This does not prove, but it does strongly indicate, to say the least, that the seizing creditor anticipated that the judge would rule that the seizure of defendants’ property was illegal. If the district judge had ruled against the plaintiff on this point and if the ruling had been sustained by a court of last resort, such ruling would have been pri- *1366 ma facie evidence of the wrongful issuance of the writ, and the wrongful issuance of a writ of provisional seizure, entitles the lessee to recover such damages as he may have sustained due to the unlawful seizure of his property. The judge should have overruled the exceptions and should have permitted plaintiffs in reconvention to offer such testimony as they could in support of their demands.
In Personal Finance, Inc. v. Simms, 148 So.2d 176 (1st Cir. 1962) the plaintiff garnished the wages of both Mr. and Mrs. Simms. Mrs. Simms filed a petition for damages for wrongful garnishment on the grounds that the debt was community, and that she was not personally liable. The Finance Company then released the garnishment of Mrs. Simms’ wages. The court held:
It is difficult for us to perceive how this circumstance may be considered in mitigation of the wrongful garnishment of plaintiff’s wages when it also appears that, for several months thereafter, defendant failed to return the money wrongfully obtained. As correctly pointed out by able counsel for (Mrs. Simms), voluntary release of property seized does not exonerate the seizing creditor from liability for the wrongful seizure thereof. First Nat. Bank Bldg. Co., Limited v. Dickson & Denny, 202 La. 970, 13 So.2d 283.
We agree with the rule as quoted above from Personal Finance, Inc. v. Simms. Equity strongly supports the application of the rule in the present case. It would be grossly unfair to allow General Electric to force Smigura to move from his home and then, after five months, say to him in effect: “We are sorry we seized your home by mistake. You can return now.”
General Electric also argues the trial judge erred (1) in not finding the note delinquent, (2) in allowing Smigura credit for payments made by the endorser on the note and (3) in not finding certain late payment charges were due. These factual findings were made by the trial judge after hearing evidence by both parties. We have reviewed the record and find no manifest error.
The next argument by General Electric is that damages cannot be awarded to Smigura because the temporary restraining order and the preliminary injunction should not have been issued without bond. LSA-C.C.P. Article 2753(2) expressly provides that no bond is required where the enforcement of the debt secured by the mortgage is premature because the time allowed for payment has not expired. Thus, no bond was required in the present case.
General Electric’s final contention is that the amount of the general damages was not proved. Although defendant Smi-gura did not testify, his wife testified at length as to the extent of the expense, inconvenience and mental anguish caused by the wrongful seizure of their mobile home. The seizure was on June 21, 1978. On that date, defendant and his family had to move their furniture and other belongings to another dwelling. They had to pay additional utility costs, additional rent and storage costs. Their mobile home was taken to a storage place in Marksville where it remained until about August 11, 1978, a total of about 50 days during which Smigu-ra and his family were dispossessed of their home by reason of the unlawful seizure. Under the circumstances, we find the award of $2,000 in general damages was clearly within the much discretion of the trial judge.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, General Electric Credit Corporation.
AFFIRMED.